22364

Horace BUTLER, Petitioner, v. STATE of South Carolina, Respondent.
(334 S. E. (2d) 813)

Supreme Court

*Dale T. Cobb, Jr.,* of *Belk, Howard, Cobb & Chandler,* Charleston Heights, and *S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, *for respondent.*

Heard June 6, 1985.

Decided Aug. 27, 1985.

CHANDLER, Justice.

Petitioner Butler (Applicant) was convicted of murder and sentenced to death. We affirmed the conviction and penalty in *State v. Butler,* 277 S. C. 452, 290 S. E. (2d) 1 (1982), *cert. den.,* 459 U. S. 932, 103 S. Ct. 242, 74 L. Ed. (2d) 191.

He thereafter filed an application for Post Conviction Relief (PCR), which was denied following an evidentiary

hearing. We granted certiorari solely on the question of whether Applicant received effective assistance of counsel during the sentencing phase of his bifurcated trial. We hold that he did, and affirm.

The burden of proof is on the Applicant in post-conviction proceedings to prove the allegations in his application. *Griffin v. Martin*, 278 S. C. 620, 300 S. E. (2d) 482 (1983). Where allegations of ineffective assistance of counsel are made, the question becomes, "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U. S. 668, _____ , 104 S. Ct. 2052, 2064, 80 L. Ed. (2d) 674, 692 (1984).

The resolution of this question involves the application of the two prong test in *Strickland.*

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U. S. at _____ , 104 S. Ct. at 2064, 80 L. Ed. (2d) at 693.

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland* at _____ , 104 S. Ct. at 2066, 80 L. Ed. (2d) at 695. The proper measure of counsel's performance remains whether he has provided representation within the range of competence required of attorneys in criminal cases. *Strickland, supra; Turner v. Bass*, 753 F. (2d) 342 (4th Cir. 1985); *Marzullo v. Maryland*, 561 F. (2d) 540 (4th Cir. 1977).

Applicant here alleges failure of his attorney to research, develop and present evidence in mitigation during the sentencing phase of his trial.

Specifically, counsel is charged with having failed (1) to investigate and contact witnesses who would testify as to

Applicant's good character, (2) to present evidence showing Applicant's low mentality, and (3) to fully discuss the sentencing phase with Applicant so as to render meaningful assistance.

## I. WITNESSES

Applicant contends that counsel failed to discover and present witnesses to testify to his character. At PCR several family members and a former employer testified, all of whom said Applicant was a good person. His trial counsel testified these witnesses were not called at trial for various reasons such as ill health, Applicant's request that they not be called and counsel's determination that some would not be good witnesses. Most of the testimony at PCR was directed to Applicant's alibi, not his good character.

Based on the record before us, when applied, to *Strickland, supra,* we are unable to say the admission of this testimony would have affected the outcome of the sentencing phase, and we find no error.

## II. MENTALITY

Prior to PCR Applicant underwent a series of intelligence tests administered by an intern under supervision of Dr. Roitzsch of the Medical University of South Carolina. Based upon the test results Dr. Roitzsch found Applicant mildly retarded.

Counsel testified that he had known and represented Applicant for some years prior to his trial for murder. He stated that he never considered Applicant of below average intelligence and that he thought Butler understood what was happening at all times. He also stated that he felt pertinent information on this issue was presented by Applicant's former school principal, who testified during the sentencing phase that Applicant completed the fourth grade at age 16.

It is reasonably inferable from such testimony that Applicant was of low mentality. This, coupled with the law charge on mitigating factors, adequately presented a jury issue.

Further, there was no showing that this corroborative testimony would have had an impact on the jury sufficient to alter the outcome of his trial. No error.

### III. CLIENT DISCUSSIONS

Applicant claims counsel failed to discuss the theory of his defense and did not inquire into Applicant's preferences regarding mitigation evidence. He stated at PCR that he wished to testify himself during the sentencing phase, and that he wanted the aforementioned witnesses, to testify, as well.

Counsel denied these claims. He testified to discussions with Applicant concerning presentation of certain testimony which he considered beneficial. He admitted rejecting other testimony he felt would be detrimental. The inclusion or exclusion of evidence must be viewed against counsel's "hundreds" of hours of research into a given case. Moreover, we note that Applicant did, by means of his unsworn statement, communicate to the jury his version of what took place.

Given the information at counsel's disposal concerning the State's evidence, we cannot say that a different strategy, described by trial counsel as throwing "in everything but the kitchen sink," would have affected the outcome of this trial.

### CONCLUSION

The United States Supreme Court's decision in *Strickland, supra*, is clearly the preeminent authority for all other courts, state and federal, in determination of PCR appeals arising out of allegations of lawyer incompetence.

Writing for the majority of the court, Justice O'Connor defines the standard for judging ineffectiveness, then cautions against hindsight and second-guessing review by appellate tribunals:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process- that the trial cannot be relied on as having produced a just result.

> \*   \*   \*   \*   \*   \*

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of

counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . .

We find from a review of the record that the benchmark in *Strickland* has not been contravened here and, further, that when deferential judicial scrutiny is applied, the conduct of trial counsel "falls within the wide range of reasonable professional assistance."

Affirmed.

LITTLEJOHN, C. J., and NESS, GREGORY and HARWELL, JJ., concur.