24271

Joe Henry WEATHERS, Petitioner v.
STATE of South Carolina, Respondent.
(459 S.E. (2d) 838)

Supreme Court

---

*Deputy Chief Atty. Joseph L. Savitz, III, S.C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. J. Emory Smith, Jr.,* and *Asst. Attys. Gen. Teresa Nesbitt Cosby* and *Teresa A. Knox,* Columbia, *for respondent.*

Submitted May 16, 1995.

Decided July 3, 1995; Reh. Den. Aug. 9, 1995.

*Per Curiam:*

Petitioner pled guilty to obtaining a controlled substance by forgery, conspiracy to obtain a controlled substance by forgery, attempt to obtain a controlled substance by fraud and obtaining a controlled substance by fraud. No direct appeal was taken. After a hearing, the postconviction relief (PCR) judge granted petitioner a review of any direct appeal issues, ordered a new trial on the charge of obtaining a controlled substance by fraud, and denied the remaining allegations of the PCR application. We grant the petition for a writ

of certiorari, affirm the order of the PCR judge, and affirm petitioner's convictions.

According to petitioner's PCR testimony, counsel never informed him of his right to a direct appeal.

However, he testified that he asked counsel to file an appeal for him several days after he began his incarceration. Counsel testified at the PCR hearing that she did not inform petitioner of his right to appeal from the guilty plea and that petitioner never asked her to appeal the matter. The PCR judge, after holding that there is no requirement that a defendant be informed of the right to a direct appeal absent extraordinary circumstances, went on to find that, in this case, petitioner did not knowingly and intelligently waive his right to a direct appeal. Although it is not clear from the order, the PCR judge apparently found petitioner's testimony that he had inquired about an appeal to be credible and, therefore, found an extraordinary circumstance which would require counsel to inform petitioner of his appellate rights.

This Court has never addressed the issue of whether a defendant must be advised of the right to appeal following a guilty plea. We now adopt the holding of the majority of courts that, absent extraordinary circumstances, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea. *See Laycock v. New Mexico*, 880 F. (2d) 1184 (10th Cir. 1989); *Marrow v. United States*, 772 F. (2d) 525 (9th Cir. 1985); *Davis v. Wainwright*, 462 F. (2d) 1354 (5th Cir. 1972); *Carey v. Leverette*, 605 F. (2d) 745 (4th Cir.), *cert. denied*, 444 U.S. 983, 100 S.Ct. 488, 62 L.Ed. (2d) 411 (1979); *Farrington v. North Carolina*, 391 F. Supp. 714 (M.D. N.C. 1975); *Younger v. Cox*, 323 F. Supp. 412 (W.D. Va. 1971). The bare assertion that a defendant was not advised of appellate rights is insufficient to grant relief. Instead, there must be proof that extraordinary circumstances exist such that the defendant should have been advised of the right to appeal. *Younger v. Cox, supra.* One extraordinary circumstances which would require counsel to advise a defendant of the right to appeal from a guilty plea would arise when the defendant inquires about an appeal. *Laycock v. New Mexico, supra; Marrow v. United States, supra.*

We have reviewed the record of the PCR hearing and find evidence to support the PCR judge's finding that petitioner requested an appeal, but was not advised of his appellate rights. *McCray v. State*, 317 S.C. 557, 455 S.E. (2d) 686 (Sup. Ct. 1995) (Davis Adv. Sh. No. 5 at 10) (this Court must affirm the rulings of the PCR judge if there is any evidence to support the decision). Accordingly, we grant the petition for a writ of certiorari and proceed with a review of petitioner's direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E. (2d) 35 (1974).

As his direct appeal issue, petitioner alleges that the trial court did not have subject matter jurisdiction because the indictments were stamped "grand jury presentment waived" after petitioner signed them. On their face, the indictments appear proper. Absent evidence to the contrary, the regularity and legality of proceedings in general sessions court is presumed. *Pringle v. State*, 287 S.C. 409, 339 S.E. (2d) 127 (1986); *State v. Jones*, 211 S.C. 319, 45 S.E. (2d) 29 (1947). Since the record does not reveal any irregularity in stamping the indictments, we must presume that the trial court did have subject matter jurisdiction.

In addition, this issue was raised at the PCR hearing. After reviewing the evidence presented at the hearing, the PCR judge found that the testimony showed that the indictments were stamped prior to petitioner signing them. The evidence supports this decision and there has been no challenge to the finding in the petition for a writ of certiorari. We, therefore, affirm petitioner's convictions and sentences.

Affirmed.

FINNEY, C.J., not participating.