564 S.E.2d 649

Larry MORRIS and Leora M. Hall, Administrators for the Estate of Lizzette Goodly Morris, Limus Williams, Administrator for the Estates of Ollie and Carrie Williams, and Annie Ruth Gambrell, Appellants,

v.

ANDERSON COUNTY and Anderson County Sheriff's Department, Respondents.

No. 25473.

Supreme Court of South Carolina.

Heard Jan. 8, 2002.
Decided May 28, 2002.
Rehearing Denied June 26, 2002.

608

Robert E. Treacy, Jr., of Dunaway & Associates, of Anderson, for appellants.

J. Victor McDade and John M. O'Rourke, of Doyle, O'Rourke, Tate & McDade, of Anderson, for respondents.

PLEICONES, Justice.

This is a negligence action against two governmental entities. Appellants appeal orders granting respondents summary judgment to the extent appellants' claims rest on alleged breaches of statutory duties. Further, appellants purport to appeal orders denying their summary judgment motions to declare the liability limits in the South Carolina Tort Claims Act (TCA)[1] unconstitutional. We agree that summary judgment on the statutory duty claims was proper, and decline to address the merits of the orders denying appellants' summary judgment. Accordingly, we affirm.

## Facts

On August 8, 1995, the Anderson County Probate Court issued a detention order authorizing police officers to pick up Rodney E. Bowman (Bowman), who was alleged to be mentally ill. Bowman was not found. On August 20, 1995, Bowman was driving an automobile when he collided with a car in which four people were riding. As the result of this accident, three people died (Ms. Morris and Mr. and Mrs. Williams) and a fourth was seriously injured (Ms. Gambrell). The administrators of the deceased victims' estates and Ms. Gambrell (collectively appellants) brought these negligence actions against Anderson County and the Anderson County Sheriff's

---

[1]. South Carolina Code Ann. §§ 15–78–10 et seq. (Supp.2001).

Department (respondents) alleging there was gross negligence in failing to pick up Bowman on the detention order.

Appellants and respondents filed cross-motions for summary judgment. Although two actions have been filed, one on behalf of the survivor and one on behalf of the deceased victims, nearly identical orders were filed by the circuit court. Appellants have filed a single brief with this Court, and we decide the issues raised therein together.

## Issues

Appellants raise two issues on appeal:

(1) Whether the trial court erred in denying their summary judgment motions to declare the TCA liability caps unconstitutional?; and

(2) Whether summary judgment was properly granted to respondents on the basis of the "public duty rule"?

### A. *Denial of Summary Judgment*

Under the TCA, a governmental entity's liability is capped at $600,000 per occurrence except in the case of medical or dental malpractice where the per occurrence cap is $1,200,000. *Compare* S.C.Code Ann. § 15–78–120(a)(2) *with* (a)(4) (Supp. 2001).[2] Appellants argued that the TCA's two-tiered caps are violative of equal protection and therefore unconstitutional. The circuit court denied appellants' motions for summary judgment seeking to 'raise' the limit in their cases to that for malpractice losses, and appellants have appealed those orders.

The denial of a motion for summary judgment is not directly appealable. *Ballenger v. Bowen,* 313 S.C. 476, 443 S.E.2d 379 (1994). Although this Court may, as a matter of discretion, consider an unappealable order along with an appealable issue where such a ruling will avoid unnecessary litigation, *Roberts v. Recovery Bureau, Inc.,* 316 S.C. 492, 450 S.E.2d 616 (Ct.App.1994), we decline to address the constitutional issue here. *See also, e.g., Hedgepath v. AT & T,* 348 S.C. 340, 559 S.E.2d 327 (Ct.App. 2001). Among other things, an advisory ruling at this juncture, on a constitutional issue

---

**2.** These are the current caps. At the time of this accident, the caps were $500,000, and $1,000,000, respectively.

which may never arise,[3] would violate our firm policy of declining to reach constitutional issues unless necessary to the resolution of the appeal before us. *In re McCracken,* 346 S.C. 87, 551 S.E.2d 235 (2001).

### B. *Public Duty Rule*

Appellants alleged that among the duties breached by respondents were those arising under S.C.Code Ann. §§ 44–17–430 et seq. (Supp.2001). These statutes are part of an article establishing procedures for the emergency admission of individuals to psychiatric facilities. The circuit court held that these statutes[4] did not create a duty running to appellants under the 'special duty' exception to the public duty rule doctrine. We agree.

After the circuit court filed its orders, we issued an opinion defining the role of the 'public duty rule' and its relationship to the TCA. *Arthurs v. Aiken County,* 346 S.C. 97, 551 S.E.2d 579 (2001). We clarified that when the plaintiff's negligence cause of action is predicated on the governmental entity's breach of a **statutory** duty, whether that duty will support the claim is analyzed under the 'public duty rule.' When the duty alleged to have been breached is based upon the common law,[5] however, the existence of that duty is analyzed as it would be were the defendant a private entity. *Id.* Thus, to the extent, if any, that appellants' claims rest on alleged breaches of common law duties, they are unaffected by these summary judgment orders which address only the impact of the 'public duty rule' on appellants' statutory duty theory.

---

3. The liability cap differential would affect appellants only were a jury to return a verdict in excess of the $500,000 cap.

4. In brief and at oral argument appellants asserted additional statutory bases for a duty. It is well-settled that appellants cannot raise new arguments or change their grounds between trial and appeal. *Taylor v. Medenica,* 324 S.C. 200, 479 S.E.2d 35 (1996). There is nothing in the record to suggest that these additional statutes were ever raised to or ruled upon by the trial court, and they are not properly before this Court. *Id.*

5. For example, the duty to warn. *See Rogers v. South Carolina Dep't of Parole & Community Corrections,* 320 S.C. 253, 464 S.E.2d 330 (1995).

As noted above, the trial court held §§ 44–17–430 et seq. did not create a 'special duty.' We agree.

The 'public duty rule' doctrine recognizes that, generally speaking, statutes which create or define the duties of a public office create no duty of care towards an individual member of the public. *Arthurs v. Aiken County, supra.* A 'special duty,' running to an individual, may be created by statute if the individual can meet a six part test. A special duty may be found where:

(1) an essential purpose of the statute is to protect against a particular type of harm;

(2) the statute, either directly or indirectly, imposes on a specific public officer a duty to guard against or not cause that harm;

(3) the class of persons the statute intends to protect is identifiable before the fact;

(4) the plaintiff is a person within the protected class;

(5) the public officer knows or has reason to know the likelihood of harm to members of the class if he fails to do his duty; and

(6) the officer is given sufficient authority to act in the circumstances or he undertakes to act in the exercise of his office.

*Id.*

Appellants argue that the protected class is "all persons traveling on the highways of Anderson County." This 'class' is not found in the statutes but rather is the *post hoc* class created in light of this tragic accident. Appellants would have us read the class protected by these involuntary commitment statutes as all persons who may be harmed by the committee. Where, as here, the statutory duty is owed to the public as a whole, then the "public duty rule" bars an individual from maintaining a negligence action against the governmental entity involved. *See, e.g., Steinke v. South Carolina Dep't of Labor,* 336 S.C. 373, 520 S.E.2d 142 (1999); *Jensen v. Anderson County Dep't of Social Services,* 304 S.C. 195, 403 S.E.2d 615 (1991).

There is no "identifiable before the fact class" created by §§ 44–17–430 et seq. Because the statutes create no special duty running to the appellants, the trial court properly granted respondents' summary judgment on the statutory duty claims.

## Conclusion

We decline to address the merits of the constitutional issue sought to be raised by appellants. We affirm the grant of summary judgment on appellants' §§ 44–17–430 et seq. claims on the ground they are barred by the public duty rule.

AFFIRMED.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.