670 S.E.2d 373

Phillip Eugene TURNER, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 26569.

Supreme Court of South Carolina.

Submitted Dec. 4, 2008.
Decided Dec. 8, 2008.

224

LaNelle C. DuRant, South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Michelle J. Parsons, all of Columbia, for Respondent.

PER CURIAM.

Petitioner seeks a writ of certiorari from an order granting him a belated review of his direct appeal issues pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). We grant the petition for a writ of certiorari, dispense with further briefing, reverse the order of the post-conviction relief (PCR) judge, and remand this matter for an evidentiary hearing.

■ Following a trial, counsel is required to make certain the defendant is made fully aware of the right to appeal. *White v. State, supra.* In the absence of an intelligent waiver by the defendant, counsel must either initiate an appeal or comply with the procedure in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Id.* However, the standard for a guilty plea differs. Absent extraordinary circumstances, such as when there is reason to think a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or when the defendant reasonably demonstrated an interest in appealing, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea. *Roe v. Flores–*

*Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Weathers v. State,* 319 S.C. 59, 459 S.E.2d 838 (1995).

█ Petitioner pled guilty to the charges against him. On PCR, petitioner did not allege he asked counsel to file a direct appeal, he had viable issues for appeal, or there were other extraordinary circumstances which would require him to be advised of his right to a direct appeal from his guilty plea. Petitioner's PCR application merely states counsel failed to inform him of his right to appeal and he did not know the law. The State agreed to allow petitioner a belated review of his direct appeal issues and petitioner agreed to withdraw his other PCR issues. There was no evidence at the PCR hearing that petitioner was entitled to be advised of his right to a direct appeal from his guilty plea and was not advised of that right, nor was there evidence petitioner requested counsel file an appeal.

The PCR judge found counsel did not advise petitioner of his right to appellate review and petitioner did not knowingly and voluntarily waive his right to a direct appeal. However, there was no evidence of extraordinary circumstances which would require counsel to advise petitioner of his right to a direct appeal. Without evidence of extraordinary circumstances, the PCR judge erred in finding petitioner was entitled to a belated appellate review of his guilty plea. *Roe v. Flores–Ortega, supra; Weathers v. State, supra.* Accordingly, the order of the PCR judge is reversed and this matter is remanded for an evidentiary hearing. At this hearing, petitioner may present evidence on his allegation that he is entitled to belated appellate review of his guilty plea and any other allegations withdrawn at the original PCR hearing based on the State's agreement that petitioner was entitled to a belated review of his direct appeal issues.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.