677 S.E.2d 20

**Virgil JONES, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 26647.

Supreme Court of South Carolina.

Submitted March 18, 2009.

Decided May 12, 2009.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Brian T. Petrano, all of Columbia, for Petitioner.

Appellate Defender Robert M. Pachak, of South Carolina Commission on Indigent Defense, of Columbia, for Respondent.

Justice BEATTY:

In this post-conviction relief (PCR) case, this Court granted the State's petition for a writ of certiorari to review the PCR judge's grant of a belated direct appeal to Virgil Jones (Respondent) for his plea of guilty to murder, financial transaction card theft, and two counts of financial transaction card fraud. We reverse.

## FACTS

On November 19, 1993, Respondent pled guilty to murder, financial transaction card theft, and two counts of financial transaction card fraud. The plea judge sentenced Respondent to life imprisonment for murder, three years imprisonment for financial transaction card theft, and one year imprisonment for each count of financial transaction card fraud. Respondent did not appeal his guilty plea or sentences.

On October 8, 1996, Respondent filed a PCR application in which he alleged: (1) his guilty plea was not knowingly, intelligently, and voluntarily made; and (2) his plea counsel was ineffective in that counsel "misadvised" him to plead guilty. The State moved to dismiss the PCR application on the ground it was barred by the one-year statute of limitations as provided by the Uniform Post–Conviction Procedure Act.[1] By order dated September 15, 1997, the PCR judge dismissed Respondent's application. Respondent did not file a petition for a writ of certiorari to review this dismissal.

On July 9, 2003, Respondent filed a second PCR application in which he alleged: (1) he did not knowingly and intelligently waive his right to a direct appeal, (2) the existence of newly-discovered evidence, and (3) the plea court lacked subject matter jurisdiction for the murder charge.

The State filed a Return and moved to dismiss the PCR application on the following grounds: (1) the application was barred by the statute of limitations, (2) the application was

---

1. S.C.Code Ann. § 17–27–45 (2003).

barred by the doctrine of laches, (3) the claim of newly-discovered evidence was not cognizable in a PCR application, and (4) the lack of subject matter jurisdiction allegation was without merit.

The PCR judge held a hearing on the State's motion to dismiss. By order dated November 28, 2005, the judge dismissed all of Respondent's claims as barred by the statute of limitations with the exception of his claim that he did not knowingly waive his right to a direct appeal. The judge ordered a merits hearing on Respondent's remaining claim.

Subsequently, the State filed an amended Return and a motion to dismiss Respondent's remaining PCR allegation on the grounds the PCR application was barred as successive and by the doctrine of res judicata.

At the merits hearing, Respondent testified that at the time of his plea, counsel did not inform him of his right to appeal his guilty plea. Respondent claimed he became aware of this right after he was incarcerated for the offenses to which he pled guilty. Respondent stated he would have requested an appeal had he been informed of this right at the time he pled guilty. On cross-examination, Respondent acknowledged he never asked for a direct appeal until the PCR proceedings.

Respondent's plea counsel testified he tells "all of [his] clients that they have a right to an appeal, if the judge does not follow the [sentencing] recommendation." He claimed Respondent knew he had ten days after the plea to appeal if the judge did not accept the recommendation. Had Respondent requested an appeal, counsel stated he would have filed one.

Because the plea judge followed the solicitor's sentencing recommendation with regard to Respondent's guilty plea, counsel believed there was no reason to appeal the negotiated plea. Therefore, plea counsel testified he would not have advised Respondent about an appeal given that "advice would have already taken place." Additionally, counsel stated he knew he did not advise Respondent after the plea proceeding regarding his right to appeal because he did not speak with the Respondent after the plea.

594

By order filed on September 15, 2006, the PCR judge granted Respondent a belated direct appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). The judge directed Respondent to *"Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986) for the procedure to follow in light of the Court's ruling."

On September 22, 2006, the State sent its motion for reconsideration to the Richland County Clerk of Court. The State, however, did not serve the circuit court judge with the motion until March 14, 2007. The PCR judge dismissed the State's motion for reconsideration on the ground the State failed to comply with the ten-day service requirement of Rule 59(g) [2] of the South Carolina Rules of Civil Procedure.

This Court granted the State's petition for a writ of certiorari to review the PCR judge's order.

## STANDARD OF REVIEW

A defendant has the right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007), *cert. denied*, —— U.S. ——, 128 S.Ct. 370, 169 L.Ed.2d 247 (2007).

In a PCR proceeding, the applicant bears the burden of establishing that he or she is entitled to relief. *Caprood v. State*, 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000). "In the context of a guilty plea, the court must determine whether 1) counsel's advice was within the range of competence demanded of attorneys in criminal cases-i.e. was counsel's performance deficient, and 2) if there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *Smith v. State*, 369 S.C. 135, 138, 631 S.E.2d 260, 261

---

2. Rule 59(g) provides, "A party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion." Rule 59(g), SCRCP.

(2006) (citing *Hill v. Lockhart*, 474 U.S. 52, 56–58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

 "This Court gives great deference to the post-conviction relief (PCR) court's findings of fact and conclusions of law." *Dempsey v. State*, 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005). In reviewing the PCR judge's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision. *Smith*, 369 S.C. at 138, 631 S.E.2d at 261. This Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them, and will reverse the decision of the PCR judge when it is controlled by an error of law. *Suber v. State*, 371 S.C. 554, 558–59, 640 S.E.2d 884, 886 (2007).

## DISCUSSION

The State contends the PCR judge erred in granting Respondent a belated direct appeal.[3] In support of this contention, the State avers:

(1) Respondent did not reasonably demonstrate to plea counsel his desire to appeal, and (2) no rational defendant

---

3. We note that Respondent did not file for review as required by the Appellate Court Rules. Thus, there is no belated direct appeal issue before the Court. *See Bennett v. State*, 371 S.C. 198, 203 n. 4, 638 S.E.2d 673, 675 n. 4 (2006) (granting State's petition for a writ of certiorari to review PCR judge's decision regarding finding that plea counsel was ineffective and noting that there was no belated direct appeal issue before the Court given respondent did not file for review pursuant to Rule 227(i)(1), SCACR (now known as Rule 243(i)(1)), and *Davis*); *Davis v. State*, 288 S.C. 290, 291 n. 1, 342 S.E.2d 60, 60 n. 1 (1986) ("When the post-conviction relief judge has affirmatively found that the right to a direct appeal was not knowingly and intelligently waived, the applicant may petition for a writ of certiorari pursuant to Supreme Court Rule 50, § 9 ... Even where the post-conviction relief judge makes this finding, he may not grant relief on this basis. Instead, the applicant *must* petition this Court for a *White v. State* review." (emphasis added)); Rule 243(i)(1), SCACR ("Where the petition seeks review under *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), the following procedure shall be followed: (1) When the post-conviction relief judge has affirmatively found that the right to a direct appeal was not knowingly and intelligently waived, the petition shall contain a question raising this issue along with all other post-conviction relief issues petitioner seeks to have reviewed. At the same time the petition is served, petitioner shall serve and file a brief addressing the direct appeal issues....").

would have sought an appeal given the plea judge's sentence did not deviate from the recommended sentence submitted by the solicitor in exchange for Respondent's plea of guilty to murder. We agree.

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores–Ortega*, 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

"Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Id.* Absent extraordinary circumstances, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea. *Turner v. State*, 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008). "One extraordinary circumstance which would require counsel to advise a defendant of the right to appeal from a guilty plea would arise when the defendant inquires about an appeal." *Weathers v. State*, 319 S.C. 59, 61, 459 S.E.2d 838, 839 (1995). However, "[t]he bare assertion that a defendant was not advised of appellate rights is insufficient to grant relief." *Id.* "Instead, there must be proof that extraordinary circumstances exist such that the defendant should have been advised of the right to appeal." *Id.*

For several reasons, we conclude the circuit court erred in finding that Respondent was entitled to a belated direct appeal on the ground that Respondent did not knowingly and intelligently waive his right to appeal from his plea.

First, plea counsel testified and Respondent did not dispute that the plea judge accepted the sentencing recommendation for Respondent's plea of guilty. Respondent also failed to offer evidence that there were any meritorious or viable issues for appeal. Therefore, Respondent failed to establish the first prong of *Roe* in that there is no evidence that a rational

defendant would have wanted to appeal from the guilty plea and sentence.

Secondly, Respondent specifically acknowledged at the PCR hearing that he did not ask plea counsel to file a direct appeal. Plea counsel confirmed that Respondent never made this request despite informing Respondent prior to the plea of his appellate rights. Thus, other than Respondent's bare assertion that he was not advised of his appellate rights, Respondent offered no evidence which reasonably demonstrated an interest in appealing. Without this evidence, Respondent failed to satisfy the second prong of *Roe*.

Because Respondent did not produce evidence of extraordinary circumstances which would have required plea counsel to advise him of the right to a direct appeal, we hold the PCR judge erred in finding Respondent was entitled to a belated appellate review of his guilty plea. *See Turner*, 380 S.C. at 225, 670 S.E.2d at 374 (reversing order of PCR judge which found the petitioner entitled to a belated appellate review of his guilty plea where "petitioner did not allege he asked counsel to file a direct appeal, he had viable issues for appeal, or there were other extraordinary circumstances which would require him to be advised of his right to a direct appeal from his guilty plea"). Accordingly, we reverse the PCR judge's order.

In light of our conclusion, we decline to address the State's remaining argument that the PCR judge erred in not dismissing Respondent's second PCR application as successive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing an appellate court need not address additional issues if the resolution of another issue is dispositive).

## CONCLUSION

Because Respondent failed to establish that extraordinary circumstances existed which required that his plea counsel advise him of his right to a direct appeal of his guilty plea, we hold the PCR judge erred in granting Respondent a belated direct appeal.

**REVERSED.**

598

TOAL, C.J., WALLER, KITTREDGE, JJ., concur.

PLEICONES, J., concurring in a separate opinion.

Justice PLEICONES:

I agree that the post-conviction relief (PCR) order should be reversed, but write separately because I believe the case should be decided solely on the successive claim made by the State rather than on the claim of constitutionally ineffective assistance of counsel. *Cf., Morris v. Anderson County*, 349 S.C. 607, 564 S.E.2d 649 (2002)(Court has well established policy of declining to rule on constitutional claims where they are unnecessary to the result). Here, respondent did not raise the claim that his plea counsel rendered ineffective assistance in failing to advise him of his right to a direct appeal until his second PCR application. The State argues, persuasively in my view, that this claim was barred as successive. *Graham v. State*, 378 S.C. 1, 661 S.E.2d 337 (2008). I would reverse in a memorandum opinion citing *Graham*.