683 S.E.2d 471

Craig S. ROLEN, Petitioner,

v.

STATE of South Carolina, Respondent.

No. 26678.

Supreme Court of South Carolina.

Submitted Dec. 4, 2008.

Decided June 29, 2009.

Rehearing Denied Oct. 21, 2009.

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Karen Ratigan, all of Columbia, for Respondent.

Chief Justice TOAL.

Petitioner Craig Rolen pled guilty to voluntary manslaughter and was sentenced to twenty-five years imprisonment. Petitioner filed an application for post-conviction relief (PCR) alleging that counsel was ineffective for failing to move to withdraw his guilty plea. The PCR court denied relief. This Court granted a writ of certiorari to review that decision.

## FACTUAL/PROCEDURAL BACKGROUND

On October 4, 2001, Kedrick Mahon's (Victim) decomposed body was found in Petitioner's car at the bottom of a ravine. Petitioner was arrested for Victim's murder on July 16, 2003.[1] In September 2004, Petitioner contacted police and confessed to the murder and was subsequently charged.

Petitioner requested a trial and a jury was selected. However, immediately before trial, Petitioner decided to plead guilty. At the plea hearing, the solicitor told the plea judge that Petitioner confessed to stabbing the victim and driving the car into the ravine. Petitioner told the plea judge that he voluntarily made the confession and admitted to committing the murder. The plea judge formally accepted Petitioner's plea as voluntary and having a substantial factual basis. After members of Victim's family addressed the court, Petitioner suddenly exclaimed:

All right, this has went on far enough, I didn't kill this man. This has went too far, I ain't doing this. I didn't kill your brother ... I didn't kill this man, I can't do this ... I don't know who did, I wish I did ... I swear to God I didn't do it ... Should have never pled guilty, I didn't do this.

Counsel did not move to withdraw the plea, and the plea judge sentenced Petitioner to twenty-five years imprisonment.

---

1. Petitioner testified at the PCR hearing that after he was arrested on the murder charges, he was released on bond and placed on house arrest.

At the PCR hearing, Petitioner testified that the State previously offered him a deal to plead guilty to accessory after the fact to murder with a ten-year cap, but he turned down the offer because he was innocent. He testified he was depressed, suicidal, and heavily medicated at the time he gave his confession to police and that he confessed in hopes of receiving the death penalty. Petitioner stated that he pled guilty because counsel told him that the jury that had been impaneled would likely find him guilty. Finally, Petitioner testified that counsel did not inform him of his right to appeal his guilty plea.

Counsel testified that he requested a competency test for Petitioner because he was concerned about Petitioner's mental state and that Petitioner attempted to commit suicide following the test.[2] Counsel stated that he did not move to withdraw the plea because he believed once the plea was accepted, it was final and could not be withdrawn. Counsel testified that he did not recall whether he discussed Petitioner's appellate rights with him.

The PCR court found that counsel was not ineffective for failing to move to withdraw Petitioner's guilty plea. The PCR court also found that counsel informed Petitioner of his right to appeal, but regardless, counsel was under no obligation to advise Petitioner of his right to appeal. Accordingly, the PCR court denied Petitioner relief.

This Court granted Petitioner's request for a writ of certiorari, and Petitioner presents the following issues for review:

I. Did the PCR court err in ruling that counsel was not ineffective for failing to move to withdraw Petitioner's guilty plea?

II. Did the PCR court err in ruling Petitioner was not entitled to a belated direct appeal?

### STANDARD OF REVIEW

The burden of proof is on the applicant in post-conviction proceedings to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On appeal, the PCR court's ruling should be upheld if

---

2. Petitioner was found competent to stand trial.

it is supported by any evidence of probative value in the record. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989).

## LAW/ANALYSIS

### I. Withdrawal of Guilty Plea

▄ Petitioner argues that the PCR court erred in ruling that counsel was not ineffective for failing to move to withdraw Petitioner's guilty plea. We agree.

▄ In order for a defendant to knowingly and voluntarily plead guilty, he must have a full understanding of the consequences of his plea. *Boykin v. Alabama,* 395 U.S. 238, 241, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A defendant who enters a plea on the advice of counsel may only attack the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When determining issues relating to guilty pleas, the Court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the PCR hearing. *Anderson v. State,* 342 S.C. 54, 57, 535 S.E.2d 649, 650 (2000).

We find that counsel was deficient in failing to move to withdraw Petitioner's guilty plea. Petitioner requested a jury trial and only decided to plead guilty after counsel advised him that the impaneled jury would likely find him guilty. Petitioner repeatedly asserted his innocence during the plea hearing before the plea judge sentenced him. In our view, at this point in the hearing, it was clear that Petitioner wanted to withdraw his guilty plea.

▄ While counsel was deficient in failing to move to withdraw Petitioner's guilty plea, we must determine whether Petitioner was prejudiced by counsel's performance. The plea judge had formally accepted the guilty plea prior to Petitioner's protestation of his innocence. Therefore, even if counsel had moved to withdraw the guilty plea, the plea judge may have denied this request, and Petitioner could not have pro-

ceeded to trial. *See State v. Riddle,* 278 S.C. 148, 150, 292 S.E.2d 795, 796 (1982) (holding that the withdrawal of a guilty plea is generally within the sound discretion of the trial court). In this way, the prejudice analysis in this case does not fit squarely within the traditional guilty plea prejudice framework as set forth in *Hill.* Nonetheless, we hold that Petitioner was prejudiced by counsel's deficient performance because due to counsel's failure to make such a motion, the plea judge was not able to exercise his discretion. Even if the plea judge had denied Petitioner's motion to withdraw his plea, Petitioner could have raised this issue on direct appeal. Moreover, Petitioner proved he would have insisted on going to trial had the plea judge granted the motion to withdraw.

Accordingly, we hold that counsel was ineffective for failing to move to withdraw Petitioner's guilty plea. However, we find that granting Petitioner the relief of an entire new plea hearing is inappropriate. Once the plea judge found that Petitioner's plea was voluntary and supported by a factual basis and formally accepted the plea of guilt, Petitioner forfeited his ability to withdraw the plea as a matter of right. *State v. Bickham,* 381 S.C. 143, 672 S.E.2d 105 (2009) (Shearouse Adv.Sh. No. 2 at 43) (Kittredge, J., concurring). Accordingly, we remand the case to the point in the guilty plea proceeding in which counsel should have sought to withdraw the plea. In our view, this tailored relief remedies the precise prejudice resulting from plea counsel's deficient performance.[3] *See United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981) (recognizing that the remedy for a violation of the Sixth Amendment right to counsel "should be tailored to the injury suffered from the constitutional violation

---

**3.** We disagree with the dissent's assertion that we are creating a new standard of prejudice or that this tailored relief is an extraordinary remedy. Rather, we have merely provided a remedy for what we find, under the specific facts of this case, to be ineffective assistance of counsel. *See Morrison,* at 365, 101 S.Ct. 665 (noting that the United States Supreme Court's "approach has thus been to identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel"); *see also Davie v. State* (holding plea counsel was ineffective for failing to communicate a plea offer and crafting specific relief to remedy the violation).

and should not unnecessarily infringe on competing interests").

## II. Belated Direct Appeal

Petitioner argues that the PCR court erred in ruling he was not entitled to a belated direct appeal. We decline to address this issue.

Absent extraordinary circumstances, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea, and the bare assertion that a defendant was not advised of appellate rights is insufficient to grant relief. *Weathers v. State,* 319 S.C. 59, 61, 459 S.E.2d 838, 839 (1995). Instead, there must be proof that extraordinary circumstances exist, such as where a defendant inquires about an appeal, in order for counsel to be required to advise a defendant of the right to appeal. *Id.*

We decline to rule on whether the PCR court erred in finding that Petitioner was not entitled to a belated direct appeal. Had Petitioner filed a direct appeal, any issues regarding withdrawal of the guilty plea would not have been preserved for the appellate court's review because counsel never made such a motion. Additionally, as stated above, we hold that counsel was ineffective for failing to make a motion to withdraw, and thus, the most appropriate relief is a new plea hearing. Because we find that a belated direct appeal would not afford Petitioner suitable relief, a ruling from the Court on this matter would have no practical effect. *See Seabrook v. Knox,* 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006) (recognizing that this Court will not decide questions in which a judgment rendered will have no practical legal effect).

### CONCLUSION

For the foregoing reasons, we reverse the PCR court's order denying relief and remand the case to the point after formal acceptance of the guilty plea. If the plea court grants the motion to withdraw the plea, the case shall be placed on the trial docket and proceed in the usual manner; if the court denies the motion to withdraw the plea, the prior sentence will stand, and Petitioner may pursue his right to a direct appeal.

WALLER, BEATTY and KITTREDGE, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES:

I respectfully dissent. We granted certiorari to review a post-conviction relief (PCR) order denying petitioner's claim that his trial counsel was ineffective in failing to move to withdraw petitioner's plea. Since the question of "ineffectiveness" embraces both deficient performance and prejudice, we err if we decline to make a finding on both prongs. I would find no prejudice, and affirm.

Where an applicant claims his guilty plea counsel was ineffective, that applicant bears the burden of showing both that counsel's performance was deficient and that the deficient performance resulted in prejudice, that is, it affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Ordinarily "prejudice" is established by evidence that had counsel not been deficient, there is a reasonable probability that the applicant would not have pled guilty but would instead have insisted on going to trial.[4] *Id.* As the *Hill* Court recognized, a determination of prejudice in this context will depend on the likelihood that had counsel done that which the applicant asserts he should have, counsel's act would have been successful, i.e., had counsel investigated, he would have found evidence causing him to change his advice to plead guilty. The Court acknowledged that in judging prejudice, it was necessary to make objective "predictions of the outcome at a possible trial." *Id.* at 59–60, 106 S.Ct. 366.

Speculation is a necessary component of most PCR cases since prejudice is judged by the "reasonable probability" standard: would the jury have acquitted had it not heard the improper evidence? Would the trial judge have suppressed the evidence had a suppression motion been made? Where, as here, counsel's deficiency is the failure to request some form of relief committed to the trial judge's discretion, the PCR applicant establishes prejudice by demonstrating that had the

---

**4.** A different prejudice analysis is appropriate where, for example, the ineffective assistance claim is that plea counsel failed to communicate a plea offer. *Davie v. State*, 381 S.C. 601, 675 S.E.2d 416 (2009).

request been made, it would have been an abuse of discretion to have denied it. *E.g., Wolfe v. State,* 326 S.C. 158, 485 S.E.2d 367 (1997) (continuance).

Here, the majority holds counsel was deficient in failing to make a motion to withdraw petitioner's plea. It acknowledges that whether to grant such a request lies in the plea judge's discretion. The Court then declines to decide whether petitioner has shown the requisite prejudice—*i.e.,* whether it would have been an abuse of discretion to have denied the motion if made. Instead, the majority appears to create a new standard of prejudice: counsel renders ineffective assistance when she neglects to preserve an issue, whether or not that issue has merit, for direct appeal. Under this standard, the remedy is not a new proceeding, but instead a rewind,[5] returning all characters to the point in the guilty plea when petitioner maintains the motion to withdraw should have been made. Among the unanswered questions raised by this extraordinary remedy,[6] is whether, henceforth, a PCR judge who finds deficient performance will be able to avoid the prejudice issue by remanding the matter to criminal court.

The majority goes on to hold that if the motion is made and then denied, petitioner may appeal from this ruling made in the new proceeding. While ordinarily the State would not be able to appeal the granting of a motion to withdraw a guilty plea made in the plea proceeding, I question whether such an appeal would lie from a ruling on remand.

On the merits, I agree that counsel was deficient when she failed to move to withdraw petitioner's guilty plea. I do not find the requisite prejudice, however, since I do not find a reasonable probability that had such a motion been made it would have been granted. First, had the plea judge believed

---

5. Although characterized as a remand, such a remand is not possible since the matter before us is a civil action brought in the Court of Common Pleas, and the "remand" would be to a long-concluded proceeding in the Court of General Sessions.

6. While the United States Supreme Court has held that in a direct appeal raising a claim of a 6th amendment violation the relief must be tailored based upon the violation, the Court still required the defendant demonstrate prejudice in order to receive relief in her criminal proceeding. *United States v. Morrison,* 449 U.S. 361, 366–367, 101 S.Ct. 665, 66 L.Ed.2d 564.

the integrity of the plea was in question, he should have *sua sponte* refused to continue. In my view, it is more likely that he viewed petitioner's outburst as unfortunate but not unusual. Since I find *no prejudice from counsel's deficient performance*, I would affirm the order denying petitioner's PCR application.