682 S.E.2d 792

**Harold B. TURNER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26708.**

Supreme Court of South Carolina.

Submitted April 22, 2009.

Decided Aug. 24, 2009.

452

Deputy Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Prentiss Counts, all of Columbia, for Respondent.

Chief Justice TOAL.

In this case, the Court granted a writ of certiorari to review the post-conviction relief (PCR) court's denial of relief to Petitioner Harold B. Turner.

## FACTUAL/PROCEDURAL BACKGROUND

In 1994, Petitioner pled guilty to second degree burglary and was sentenced to fifteen years imprisonment, suspended upon time served and five years probation. Subsequently, his probation was revoked. Petitioner did not directly appeal his probation revocation. Petitioner filed an application for PCR alleging probation counsel was ineffective for failing to advise him of his right to a direct appeal.

At the PCR hearing, Petitioner testified that after the revocation hearing, he asked probation counsel, "What can we do?" and that counsel responded "the judge made his ruling," and testified that he would have requested an appeal if he had known his rights. Probation counsel testified that there were no appealable issues stemming from the probation revocation and that Petitioner never inquired about an appeal. The PCR court found that there were no non-frivolous grounds for an appeal and that no extraordinary circumstances existed and denied Petitioner relief.

This Court granted Petitioner's request for a writ of certiorari, and Petitioner presents the following issue for review:

Did the PCR court err in finding probation counsel was not ineffective in failing to advise Petitioner of his right to a direct appeal from his probation revocation?

## STANDARD OF REVIEW

■■ The burden of proof is on the applicant in post-conviction proceedings to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On certiorari, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). However, this Court will reverse the PCR court's decision when it is controlled by an error of law. *Pierce v. State*, 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).

LAW/ANALYSIS

As a primary matter, we must first address the basis upon which Petitioner claims he is entitled to relief. Since Petitioner seeks relief due to ineffective assistance of counsel, Petitioner bases his PCR application on a violation of his Sixth Amendment right to counsel. *See Duckson v. State,* 355 S.C. 596, 598, 586 S.E.2d 576, 577 (2003), citing *McKnight v. State,* 320 S.C. 356, 465 S.E.2d 352 (1995) (observing that an ineffective assistance claim is premised on the violation of an individual's Sixth Amendment right to counsel). However, a probationer does not have a Sixth Amendment right to counsel.[1] Rather, the right to counsel may arise pursuant to the Due Process Clause under the Fifth and Fourteenth Amendments. *See Gagnon v. Scarpelli,* 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).[2] In South Carolina, however, all persons charged with probation violations have a right to counsel and must be informed of this right pursuant to court rules and case law. *Barlet v. State,* 288 S.C. 481, 483, 343 S.E.2d 620, 621 (1986); Rule 602(a), SCACR.

In *Duckson,* the parolee filed an application for PCR alleging that he received ineffective assistance of counsel at his parole revocation hearing. In South Carolina, a parolee has a statutory right to have counsel present at a parole revocation hearing[3] but, similar to a probationer, does not have a Sixth

---

1. In *Huckaby v. State,* 305 S.C. 331, 408 S.E.2d 242 (1991), we held that a probationer must be informed of his right to counsel and he must make a willing and knowing waiver of counsel. We also stated that "a probationer retains his full Sixth Amendment right to counsel." *Id.* at 335, 408 S.E.2d at 244. Because a probationer does not have a Sixth Amendment right to counsel, this statement is incorrect, and any interpretation of the opinion asserting that a probationer is afforded the same constitutional protections as an accused is erroneous. A South Carolina probationer's right to counsel in a probation revocation hearing is grounded in our case law and court rules. A constitutional right to counsel *may* arise pursuant to the Due Process Clause, but cannot arise pursuant to the Sixth Amendment.

2. In *Gagnon v. Scarpelli,* the Supreme Court held that whether a probationer has a constitutional right to counsel in a revocation hearing should be decided on a case-by-case basis, taking into consideration the complexity of alleged violations and whether the probationer can meaningfully contest the alleged violations.

3. S.C.Code Ann. § 24–21–50 (Supp.2002).

Amendment right to counsel. As *Duckson* makes clear, neither a parolee nor a probationer has a Sixth Amendment right to counsel. Accordingly, this Court held that because the parolee could not assert a Sixth Amendment violation and because he did not contend his due process rights were violated, the parolee failed to allege the parole revocation was unlawful and thus failed to state a claim cognizable in a PCR action.

We find the *Duckson* analysis instructive to the instant case. Although parole revocation and probation revocation are different types of proceedings,[4] to the extent there is a constitutional right to counsel in either context, it exists only by virtue of the Due Process Clause. *See Gagnon,* 411 U.S. 778, 782 n. 3, 93 S.Ct. 1756 (observing that, despite minor differences between parole and probation, the revocation of probation is constitutionally indistinguishable from the revocation of parole). Petitioner has only alleged a Sixth Amendment violation, namely that probation counsel was ineffective in failing to inform him of his right to a direct appeal, and thus, under *Duckson,* it appears he has failed to state a cognizable claim in a PCR action.

■ However, *Duckson* is distinguishable from the instant case in an important respect. Unlike a parolee, we have held that, pursuant to court rule, a probationer has a right to counsel. *See Barlet* and Rule 602(a). A parolee's statutory right to have counsel present is not comparable to a probationer's absolute right under state law to appointed counsel. We now hold that because a probationer has a right to counsel, albeit not a Sixth Amendment right, the same analysis for ineffectiveness that applies in other PCR proceedings involving claims against counsel should, by analogy, apply in PCR proceedings involving claims against probation counsel. In our view, this approach does not elevate form over substance by, for example, allowing a probationer to proceed on a due

---

4. Parole eligibility is a collateral consequence of sentencing and is a matter that falls within the province of the Board of Probation, Parole, and Pardon Services. *Brown v. State,* 306 S.C. 381, 382, 412 S.E.2d 399, 400 (1991); S.C.Code Ann. § 24–21–13 (Supp.2006). Probation, on the other hand, is a matter within the jurisdiction of the trial court and is judicially-imposed at the time of sentencing. *Duckson,* 355 S.C. at 598 n. 2, 586 S.E.2d at 578 n. 2; S.C.Code Ann. § 24–21–450 (Supp.2006).

process violation but not allowing him to proceed on an ineffective assistance claim despite the fact that both claims stem from the failure to be informed of his right to appeal. Additionally, this approach eases confusion as well as the burden on the lower courts by providing a uniform standard.[5]

■ To this end, we must determine whether, under our *Strickland* jurisprudence, probation counsel was ineffective for failing to inform Petitioner of his right to appeal the revocation of his probation. We hold that he was not.

■■ Following a trial, counsel must inform a defendant who has been found guilty of a crime of the possibility of an appeal and the method for taking an appeal. *Frasier v. State,* 306 S.C. 158, 161, 410 S.E.2d 572, 574 (1991). In a plea proceeding, however, there is no requirement that plea counsel inform a defendant of the right to a direct appeal absent extraordinary circumstances. *Weathers v. State,* 319 S.C. 59, 61, 459 S.E.2d 838, 839 (1995); *see also Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (holding that counsel has a constitutional duty to inform a defendant of his right to appeal a guilty plea if there is reason to think that a rational defendant would want to appeal or that the defendant demonstrated an interest in appealing).[6]

We hold that probation counsel is not required to inform a probationer of his right to an appeal absent extraordinary

---

**5.** Our holding today does not alter our PCR jurisprudence regarding claims of ineffective assistance of counsel, nor should it be interpreted as creating additional rights to PCR applicants. Indeed, this Court has granted relief based on "ineffective assistance" of PCR counsel despite the fact that the right to PCR counsel arises from Rule 71.1, SCRCP, and not from the constitution. *See e.g., Washington v. State,* 324 S.C. 232, 478 S.E.2d 833 (1996) (granting PCR where the defendant alleged ineffective assistance of PCR counsel due to so many procedural irregularities) and *Austin v. State,* 305 S.C. 453, 409 S.E.2d 395 (1991) (recognizing that the constitutional right to counsel does not extend to discretionary appeals on collateral attack, but allowing a PCR applicant to receive a belated appeal from the denial of his initial PCR application where first PCR counsel failed to file a notice of appeal); *but see Aice v. State,* 305 S.C. 448, 451, 409 S.E.2d 392, 394 (1991) (holding that an allegation that prior PCR counsel was ineffective is not *per se* a sufficient reason allowing for a successive PCR application).

**6.** Although decided prior to *Flores–Ortega,* the *Weathers* analysis is compatible with the *Flores–Ortega* analysis and remains good law.

circumstances. This holding is in accord with counsel's duties at a plea hearing. *See Weathers,* 319 S.C. at 61, 459 S.E.2d at 839 (holding that, "absent extraordinary circumstances, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea."). In our view, a probationer should not be afforded additional protections in a probation revocation hearing, a proceeding that is not a stage of criminal prosecution and that occurs after sentencing, which are not constitutionally mandated in a guilty plea hearing. In other words, probation counsel is not held to a higher performance standard than that imposed upon plea counsel.

In the instant case, the PCR court found probation counsel's testimony more credible than Petitioner's testimony. Additionally, there is evidence in the record to support the PCR court's finding that there were no non-frivolous grounds for an appeal and that no extraordinary circumstances existed. Accordingly, because Petitioner failed to show extraordinary circumstances, he is not entitled to relief.

### CONCLUSION

For these reasons, we affirm the PCR court's order denying Petitioner relief.

WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.