701 S.E.2d 738

**Demarcus SIMUEL, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 26885.

Supreme Court of South Carolina.

Submitted Sept. 23, 2010.

Decided Oct. 25, 2010.

Appellate Defender LaNelle C. DuRant, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Ashley McMahan, all of Columbia, for Respondent.

Chief Justice TOAL.

Demarcus Simuel (Petitioner) was convicted of possession with intent to distribute crack cocaine. A jury found Petitioner guilty and sentenced him to twelve years in prison. No direct appeal was taken. Petitioner filed an application for post-conviction relief (PCR) seeking a belated direct appeal

and was denied. This Court granted a writ of certiorari from the denial of Petitioner's request.

## FACTS/PROCEDURAL HISTORY

At the PCR hearing, Petitioner testified he discussed an appeal with his attorney after the trial. Petitioner claimed he asked his attorney to appeal, and that his attorney stated he would speak to Petitioner's mother about it, file an appeal, and "we'd come back and try it again."

Christopher Thompson (Thompson), Petitioner's attorney at trial, testified at the PCR hearing that he normally informs his clients of their right to appeal after trials. He did not specifically recall informing Petitioner of his right to appeal, but testified that he probably had that discussion with Petitioner. Thompson admitted to discussing an appeal with Petitioner's mother. Thompson informed her that twelve years was a good sentence considering Petitioner faced the possibility of thirty years, and that he did not think there were any grounds for an appeal. Thompson also testified Petitioner never asked him to appeal, but Petitioner contacted him some time later and told him "I can't do twelve." Thompson stated he told Petitioner it was too late to appeal, and he sent Petitioner a copy of the PCR statutes.

The PCR court found Petitioner failed to show he was entitled to a belated appeal. The PCR court held Thompson's testimony showed Petitioner never requested Thompson to file an appeal on Petitioner's behalf. The PCR court also found that Thompson conferred with Petitioner's mother, who also did not ask Thompson to file an appeal on Petitioner's behalf. In regard to the allegation of ineffective assistance of counsel, the PCR court held Petitioner's testimony was not credible and Thompson's testimony was credible.

## ISSUE

Did the PCR court err in finding Petitioner was not entitled to a belated direct appeal?

## STANDARD OF REVIEW

In PCR proceedings, the burden of proof is on the applicant to prove the allegations in his application. *Butler v.*

*State,* 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985). On appeal, the PCR court's ruling should be upheld if it is supported by any evidence of probative value in the record. *Cherry v. State,* 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). However, if there is no evidence to support the PCR court's ruling, this Court will reverse. *Pierce v. State,* 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000) (citation omitted). This Court gives great deference to a PCR judge's findings where matters of credibility are involved. *Drayton v. Evatt,* 312 S.C. 4, 11, 430 S.E.2d 517, 521 (1993) (citations omitted).

## LAW/ANALYSIS

■ Petitioner contends the PCR court erred in denying his PCR application on his to right to a belated appeal pursuant to *White v. State,* 263 S.C. 110, 208 S.E.2d 35 (1974). We agree.

■ Following a trial, counsel must make certain the defendant is made fully aware of the right to appeal. *Turner v. State,* 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008) (citation omitted) (*Turner I* ); *see also Turner v. State,* 384 S.C. 451, 456, 682 S.E.2d 792, 794 (2009) (finding counsel must inform criminal defendant found guilty of a crime after a trial about the possibility of an appeal) (*Turner II* ). "In the absence of an intelligent waiver by the defendant, counsel must either initiate an appeal or comply with the procedure in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)." *Turner,* 380 S.C. at 224, 670 S.E.2d at 374 (citation omitted).[1]

Thompson testified that he normally discusses an appeal with defendants after trials, but he was not sure whether he

---

1. In *Weathers v. State,* this Court held "absent extraordinary circumstances, there is no constitutional requirement that a defendant be informed of the right to a direct appeal from a guilty plea." 319 S.C. 59, 61, 459 S.E.2d 838, 839 (1995). Moreover, in *Turner II,* this Court held that the United States Supreme Court decision of *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) is compatible with *Weathers,* and that *Weathers* remains good law with respect to guilty pleas. *Turner,* 384 S.C. at 456 n. 6, 682 S.E.2d at 795 n. 6. We take this opportunity to clarify that *Turner I* is the standard attorneys shall meet for trials and *Weathers* is the standard for pleas.

did so with Petitioner. Thompson stated he discussed a direct appeal with Petitioner's mother. However, there is no probative evidence that Thompson informed Petitioner of his right to a direct appeal, nor is there any evidence that Petitioner waived his right to a direct appeal.[2] "To waive a direct appeal, a defendant must make a knowing and intelligent decision not to pursue the appeal." *Sheppard v. State*, 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004) (citation omitted). Even considering the PCR judge's credibility findings, there is no probative evidence that: (1) Petitioner knowingly waived his right to a direct appeal, and (2) Thompson made certain Petitioner was fully aware of his right to appeal.

## CONCLUSION

Because there is no probative evidence that: (1) Petitioner knowingly waived his right to a direct appeal, and (2) Thompson made certain Petitioner was fully aware of his right to appeal, the decision of the PCR court is reversed and Petitioner shall receive a belated appeal.

PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.

---

2. Thompson did state that he "probably" spoke to Petitioner about his right to a direct appeal because that was his normal practice, but this was just after stating he was not sure whether he spoke with Petitioner about his right to appeal. Testifying that he "probably" spoke with Thompson about an appeal is not the same as affirmatively stating he spoke with Petitioner about an appeal. Muddying the waters somewhat is the fact that Petitioner testified he did speak with Thompson about an appeal right after trial, and that Thompson told Petitioner he would file an appeal on Petitioner's behalf. However, the PCR judge ruled Petitioner's testimony was not credible and Thompson's was. If the PCR judge had found Petitioner's testimony credible, then under the rule outlined in *Turner I* Petitioner was made fully aware of his right to appeal because he testified that he discussed an appeal with Thompson and asked Thompson to file an appeal. However, that would mean he asked for an appeal that was never filed. Hence, any way you look at the testimony offered at the PCR hearing, Petitioner should receive a belated appeal under the rule pronounced in *Turner I*.