631 S.E.2d 907

Edward M. SEABROOK, Jr., and Folly North
Partners, LLC, Respondents,

v.

Vernon KNOX, Gered Lennon, Wallace Benson, and Allen Boyd,
in their official capacities as members of the City Council of
the City of Folly Beach, and Harvey Wittschen, Ernest Horres,
Victoria Messina, and John Ball, in their official capacities as
members of the Zoning Board of Adjustment of the City of
Folly Beach, and Tom Hall, in his official capacity as the
Building/Zoning Official of the City of Folly Beach, and The
City of Folly Beach, Defendants,

of whom The City of Folly Beach is Appellant.

No. 26169.

Supreme Court of South Carolina.

Heard Jan. 18, 2006.

Decided June 19, 2006.

Christopher L. Murphy and James A. Stuckey, Jr., both of Stuckey Law Offices, of Charleston, for Appellant.

William B. Regan and Frances I. Cantwell, both of Reagan and Cantwell, of Charleston, for Respondents.

Chief Justice TOAL.

The trial court held that the City of Folly Beach (City) denied the due process and equal protection rights of Edward M. Seabrook and Folly North Partners (collectively Respondents) as guaranteed by the United States Constitution. This case was certified from the court of appeals pursuant to Rule 204(b), SCACR. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

This suit is based on the conduct of the City of Folly Beach, the Folly Beach City Council (City Council), and Folly Beach's local zoning authorities concerning a parcel of property owned by Seabrook. In 1996, Seabrook sold Folly North Partners (Folly North) an option to buy an undeveloped tract of land on the east end of Folly Island. The option was contingent on the property being zoned for residential use because Folly North hoped to develop the property into oceanfront lots.

Immediately, problems arose regarding the property's zoning. Because the Seabrook property was located at the east end of the island, it bordered only a former United States Coast Guard Base and the water. Most likely, the property's location led to the current confusion and dispute, since it appears most people mistakenly believed the Coast Guard owned the entire east end of the island. The zoning problems immediately arose because the official map accompanying the last zoning ordinance, passed in 1993, stopped at the beginning of the Coast Guard Base and illustrated that all land beyond the base's boundary was zoned N–1 (nature conservancy).

This ambiguity came to light when L. Russell Bennett, the principal owner of Folly North, began discussing his plans to develop a residential subdivision on the property. Bennett

testified he "reserved his rights" as to the then existing zoning, and took the matter to the City Council.

Bennett first appeared before the City Council in May of 1996, at which time he presented an ordinance to rezone the Seabrook property from N–1 to R–1 (residential). The City Council passed the rezoning ordinance on first reading, but on the second reading, the ordinance failed. Later, the City held a citywide referendum, pursuant to S.C.Code Ann. § 5–17–10 (2004), to rezone the Seabrook property from N–1 to R–1. The referendum failed as well.

In November of 1996, Bennett submitted a preliminary plat for subdivision of the Seabrook property to the city building official, Tom Hall. By letter, Hall refused to accept the plat because the Seabrook property was zoned N–1. Bennett appealed to the zoning board, arguing the Seabrook property was never zoned N–1 because it did not appear on the 1993 zoning map. The zoning board upheld the building official's determination. Bennett appealed the zoning board's decision to circuit court.

The circuit court reversed the zoning board's decision. The circuit court based this decision on a 1979 zoning map showing the Seabrook property as zoned R–2 (moderate density residential district). The circuit court concluded that because the 1993 ordinance map did not "show, delineate, describe or otherwise reference" the Seabrook property, and because neither the planning commission nor the City Council could demonstrate they intended to rezone the property in 1993, the Seabrook property retained its residential zoning classification and was never rezoned to N–1. After the trial court's decision, Bennett resubmitted his plat application which was eventually approved.[1]

Respondents filed the instant action in the court of common pleas. Respondents alleged depravations of procedural and substantive due process, a violation of equal protection, gross

---

1. Although their plat was approved, Respondents never actually developed the Seabrook property. In fact, after executing its option and purchasing the property for $500,000.00, Folly North sold the property to the Charleston County Parks and Recreation Commission for $3,956,524.01. Folly North also obtained a $2,200,000.00 tax credit to defer tax on the capital gains realized by the sale.

negligence, and a temporary taking. Prior to trial, all defendants except the City were dismissed, and all causes of action except due process and equal protection were abandoned. Specifically, Respondents alleged: (1) that the City deprived Respondents of their "vested interest" in having their plat approved by improperly developing an "official policy" that the Seabrook property should be zoned N–1, and (2) that Respondents were members of a class of owners of property zoned R–1, but were arbitrarily treated different from all other members of the class.

The trial court found the City violated Respondents' rights to due process and equal protection. The trial court found the City Council usurped the building official's authority to enforce the zoning ordinance by adopting an "official policy" that the Seabrook property was zoned N–1. The trial court found this was a deprivation of due process because it obstructed the building official's ability to offer an unbiased opinion as to the property's zoning and deprived Respondents of the right to have their subdivision plat processed. As to equal protection, the trial court found Respondents' rights were violated when the City Council zoned Respondents' property without following the legislative process.

This case was certified to this Court from the court of appeals pursuant to Rule 204(b), SCACR, and the City raises the following issue for review:

Did the City deny Respondents' rights to due process and equal protection as guaranteed by the United States Constitution?

## LAW/ANALYSIS

■ In an action at law, on appeal of a case tried without a jury, the trial judge's factual findings will not be disturbed on appeal unless they are not reasonably supported by the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 774 (1976).

## I. Due Process

In its decision finding a due process violation, the trial court made no distinction between substantive and procedural due process. Because the City divides its argument between

substantive due process and procedural due process, we address the issues in a similar manner.

## A. Procedural Due Process

█ "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Matthews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). In this case, Respondents allege they possessed a vested property interest in having their plat application approved and in the immediate use of their property for development of a subdivision. We dismiss this claim as moot.

██ A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court. *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973). If there is no actual controversy, this Court will not decide moot or academic questions. *Id.* (citing *Jones v. Dillon–Marion Human Res. Dev. Comm'n.*, 277 S.C. 533, 535, 291 S.E.2d 195, 196 (1982)).

Two factors compel our finding Respondents' procedural due process claim is moot. First, this is not an appropriate case to award money damages under the guise of a procedural due process violation. A violation of a plaintiff's procedural due process rights is typically remedied by either injunctive relief or a court order instructing that the plaintiff be afforded the process he was denied. In this case, since Respondents seek relief in the form of money damages, ruling on a procedural due process claim would have no practical effect whatsoever.

Second, because the Seabrook property was rezoned and because Respondents' plat was approved, Respondents have already received the appropriate procedural relief. Respondents claim the City Council developed an "official policy" that the Seabrook property would be zoned N–1, thereby depriving Respondents of the process set out in the City's ordinances for determining zoning disputes. As a result, Respondents' claim

they were prevented from having their subdivision plat approved. We disagree.

Respondents' position is best stated as claiming not that they were deprived of the process set by the law, but that the process set out in the law was tainted by City Council's "official position ." The claim that the process was "tainted" is more akin to a substantive due process claim because at no time were Respondents prevented from going through the dispute resolution procedure. In fact, it was in the final stage of this procedure, appeal in the circuit court, that Respondents won their desired result. Since Respondents' plat was approved, thereby purging any continuing "taint" in the process, any judgment on the issue of procedural due process would be a speculative and academic exercise. For this reason, we reverse the trial court and find Respondents' procedural due process claim is moot.

## B. Substantive Due Process

Substantive due process protects a person from being deprived of life, liberty, or property for arbitrary reasons. *Worsley Companies, Inc. v. Town of Mount Pleasant,* 339 S.C. 51, 56, 528 S.E.2d 657, 660 (2000). To establish a substantive due process claim, a plaintiff must show he possessed a constitutionally protected property interest that was deprived by state action so far beyond the limits of legitimate governmental action, no process could cure the deficiency. *Sylvia Dev. Corp. v. Calvert County,* 48 F.3d 810, 827 (4th Cir.1998).

The trial court found the City's actions were an unprecedented and arbitrary interference with the process of resolving zoning disputes and Respondents' right to have their subdivision plat processed. We find Respondents' substantive due process claim is barred by a previously executed waiver.

After the original trial court determined the Seabrook property was zoned for residential use, Bennett asked the zoning official to approve his plat. After some delay in assembling the proper documents,[2] the plat was approved, but with sever-

---

2. This delay was initially attributable to a dispute about whether the City was in possession of a valid plat application and whether Respondents needed to re-submit the plat application. Once this issue was resolved, concern on the City Council about conditioning the plat's

al "conditions ." Specifically, the plat approval contained three limitations and contingencies regarding erosion on the coastline of the property. Respondents sued the City in an attempt to have these conditions removed, and Respondents were granted summary judgment. The City appealed.

While the case was pending in this Court, the parties settled the lawsuit. The release executed in the settlement discharged the City from:

> any and all known or unknown injuries, damages, loss of services, loss of profits, loss of income, expenses, compensation, rights, *suits of whatever kind and nature* ... *on account of, arising out of or in any way growing out of,* **the subdivision of the tract of property** on the north end of Folly Beach commonly referred to as "The Seabrook Tract," ....

(emphasis added).

In the instant lawsuit, Respondents' complaint alleges they had a "vested property interest" in having their plat approved and "to the immediate use of their property for the development of a nine (9) lot residential subdivision." Because Respondents' due process claims are based upon the City's refusal to immediately approve Respondents' plat for subdivision, the previously signed release is directly implicated.

In ruling the earlier release did not apply, the trial court incorrectly reasoned that the release applied only to the case at that time pending in this Court. The language of the release clearly indicates it applies more broadly. Specifically, the release applies to all claims "on account of, arising out of or in any way growing out of, the subdivision of the tract of property." The release does provide that these circumstances are "more fully delineated" in the case at that time pending before this Court; however, the trial court improperly distinguished the instant case by stating "[t]he case now before the court is not based on the actions of City officials in refusing to *subdivide* the Seabrook Tract, rather, it is based on the actions of City officials in adopting and implementing a policy establishing zoning outside the process set by law." (emphasis in original).

---

approval on the satisfaction of several measures aimed at erosion control delayed the process further.

This purported distinction ignores the plain language of Respondents' complaint. The complaint expressly rests the due process claims on the obstruction of Respondents' right to subdivide the Seabrook tract. For these reasons, we reverse the trial court and find Respondents' substantive due process claim is waived.

## II. Equal Protection

 To establish an equal protection violation, plaintiffs must demonstrate they were intentionally and purposely subjected to treatment different from others similarly situated. *Sylvia Dev. Corp.*, 48 F.3d at 818. The trial court found the City treated Respondents differently from similarly situated property owners and that the City imposed a zoning designation on Respondents' property outside the legislative process. We dismiss this claim as moot.

 A case becomes moot when the parties no longer possess a cognizable interest in the outcome. *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). The record indicates that the Seabrook property was rezoned after a slight delay in the process, and that Respondents ultimately sold the property for a sum comparable with the value of residential oceanfront property. As Respondents no longer possess any claim to the property, were not delayed significantly in this process, and realized such substantial financial gains, any claim to an equal protection violation is far too tenuous for adjudication.

That we dispose of this case on somewhat technical grounds should not be perceived as a license for a city or municipal authority to use last-minute rezoning to cure violations of a property owner's rights in hopes of seeking shelter in the principles of justiciability. When established zoning statutes and procedures are arbitrarily or unreasonably disregarded, several constitutional claims may arise. In this case, however, any judgment of this Court on equal protection grounds would clearly lack a practical effect.

## CONCLUSION

The trial court erred in finding violations of Respondents' due process and equal protection rights. We are extremely

mindful of the often contentious nature of zoning and develop-
ment disputes, and we recognize that, in the appropriate cases,
improper actions of local administrative bodies may result in
federal due process and equal protection violations.

Ultimately, our conclusion in this case is compelled by two
factors: first, the fact that Respondents achieved a beneficial
result after proceeding through the very process the law
guaranteed; second, the fact that much of this subject matter
was waived in the disposition of a previous lawsuit.

For the foregoing reasons, we reverse.

MOORE, and BURNETT, JJ., and Acting Justice CLYDE
N. DAVIS, concur.

PLEICONES, J., concurring in result only.