THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Cynthia Holmes, Appellant,
v.
James Kevin Holmes, Respondent.
 
 
 

Appeal From Charleston County
 Jeffrey Young, Family Court Judge

Unpublished Opinion No. 2007-UP-110
Submitted March 1, 2007  Filed March 7, 2007

APPEAL DISMISSED

 
 
 
Cynthia E. Collie, of Sullivans Island, for Appellant.
James Kevin Holmes, of Charleston, for Respondent.
 
 
 

PER CURIAM:  Cynthia Holmes (Mother) appeals the family courts orders[1] denying her motion for an order prohibiting James Kevin Holmes[2] (Father) from taking the parties two minor children out of the country before there is a final determination of permanent custody.  We dismiss this appeal as moot.[3]
FACTS
After a twenty-five-year marriage, the parties divorced on January 30, 2004.  Three children were born to the marriage.  Of the three children, two are still minors.  Although neither party has been awarded custody of these children, they reside with Mother, who has been their primary caretaker.  
In anticipation of the childrens school vacation, Mother filed a motion in March of 2006 in which she sought an order from the family court prohibiting Father from taking the children out of the country pending resolution of the custody issue.  Specifically, Mother moved before the family court for an order prohibiting Father from taking the parties minor son on a vacation to Miami, Florida and the Bahamas from April 8 through April 16, 2006.  
On April 6, 2006, the family court held an emergency hearing on Mothers motion.  At the hearing, both Mother and Father proceeded pro se.  In support of her motion, Mother expressed she was concerned that Father would abscond with the minor child if he was permitted to leave the country before the issue of custody was resolved.  In response, Father stated he had no intention of absconding with the child.  He further explained that:  he was a thirty-year member of the South Carolina Bar Association; he was employed by a Charleston law firm; he owned property in Charleston, and had strong community ties in the area; his son spends every weekend with him; and he and his son had previously taken vacations to Hawaii, New Jersey, Washington, D.C., North Carolina, and Georgia without incident.  He also informed the court that he and his son were going to meet the parties twenty-one-year-old daughter in Miami and then go to the Bahamas. 
At the conclusion of the hearing, the court orally ruled that Father be allowed to take the child on the planned vacation, with the child being returned to the mother per the itinerary that has been set out.  And that will be the times for the visitation.  
By written order dated the day of the hearing, the court denied the motion without explanation.  The next day, April 7, 2006, the court issued a written order in which he elaborated on his ruling with findings of fact and conclusions of law.  Mother appeals both orders.
DISCUSSION
In her appeal, Mother argues the family court erred in:  (1) failing to comply with Rule 41.1 of the South Carolina Rules of Civil Procedure by considering the parties sealed 1998 action for separate support and maintenance; (2) ruling where it did not have jurisdiction to issue an order purportedly operational, in whole or in part, outside the borders of the U.S.; (3) issuing orders which are null and void because they are unenforceable outside the territorial limits of the United States; (4) failing to recognize the courts interest in maintaining jurisdiction pending final adjudication on the merits of the custody issue; (5) failing to recognize the purpose of the temporary hearing as preservation of the status quo pending an adequate factual showing at a full and fair hearing on the merits; and (6) issuing two different orders from the same hearing.  Based on these alleged errors, Mother contends the family courts orders should be reversed in the interest of substantial justice affecting substantial rights.  For reasons that will be discussed, we find Mothers appeal is moot and we need not address these issues.  
Generally, this Court only considers cases presenting a justiciable controversy.  Sloan v. Friends of Hunley, Inc., 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006).  A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract. Id.
A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court. If there is no actual controversy, this Court will not decide
moot or academic questions.  Seabrook v. Knox, 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006)(citations omitted); see Collins Music Co. v. IGT, 365 S.C. 544, 549, 619 S.E.2d 1, 3 (Ct. App. 2005), cert. denied (Dec. 7, 2006)(noting a matter becomes moot when some event occurs making it impossible to grant effectual relief).
In the orders at issue, the family court made the limited ruling of denying Mothers motion and permitting Father to take one of the parties minor children on a vacation to Miami, Florida and the Bahamas from April 8 through April 2006.  Even if we were to find the family court erred in denying Mothers motion, our decision would have no practical effect on this controversy given the vacation at issue is over.  Because a decision on this issue would not grant Mother any effectual relief, we hold the appeal is moot. 
Furthermore, after reviewing the case, we do not believe any exceptions to the mootness doctrine are applicable.  See Collins Music Co., 365 S.C. at 549, 619 S.E.2d at 3 (In civil cases, there are three exceptions to the
mootness doctrine:  (1) an appellate court can retain jurisdiction if the issue is capable of repetition yet evading review, (2) an appellate court can decide cases of urgency to establish a rule for future conduct in matters of important public interest, and (3) if the decision by the trial court can affect future events or have collateral consequences to the parties, the appellate court can take jurisdiction.).  Accordingly, we dismiss Mothers appeal as moot.
APPEAL DISMISSED.
HUFF, BEATTY, and WILLIAMS, JJ., concur.

[1] 
Mother filed a separate appeal for each of these orders.  Because the appeals involve identical issues, this court granted Mothers motion to consolidate the appeals into one opinion.  See Rule 214, SCACR (Where there is more than one appeal from the same order, judgment, decision or decree, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order the appeal to be consolidated.).
[2]  Father did not file a Respondents Brief.
[3]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.