THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Shawna O. and
 David S., Appellants.
 In
 the interests of four minor children under the age of 18. 
 
 
 

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge
Unpublished Opinion No. 2009-UP-145
Submitted March 2, 2009  Filed March 17,
 2009    
APPEAL DISMISSED

 
 
 
 A. Shane Massey, of Aiken, and Charles C. Mayers, of Augusta, for
 Appellants.
 Amanda F. Whittle, of Aiken, for Respondent.
 
 
 

PER
 CURIAM: Shawna O.
 (Mother) and David S. (Father) appeal from the family court's order of August
 6, 2007, requiring them to comply with the terms of a South Carolina Department
 of Social Services (DSS) Treatment Plan.  On appeal, Mother and Father argued
 the family court erred in finding their four minor children (1) were neglected
 or abused, and (2) could not be protected from further harm without
 intervention.  We find a subsequent order of the family court has rendered
 Mother's and Father's appeal moot. Accordingly, we dismiss their appeal.
FACTS/PROCEDURAL
 BACKGROUND
Initially, the attorneys for Mother and Father
 submitted affidavits stating a review of the hearing transcript demonstrated
 their appeals were without merit, and they asked to be relieved as counsel,
 pursuant to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987), and S.C.
 Dept of Soc. Servs. v. Frederick Downer, Sr., S.C. Sup. Ct. Order dated
 February 2, 2005 (extending the procedure set forth in Cauthen to
 situations where an indigent person appeals from an order imposing measures
 short of termination of parental rights).  Thereafter, this court required
 counsel to submit briefs addressing the merits of two specific issues in Mother's
 and Father's appeal.  While this court was considering the briefs submitted in
 this appeal, Father appealed a subsequent ruling of the family court.  
The family court's
 order of July 31, 2008, found by a preponderance of the evidence that Mother's
 and Father's children are abused or neglected due to Father's sexual abuse of one
 child and Mother's neglect of their children.  The order required Father to
 have no contact with his daughters and only supervised contact with his sons
 while DSS and law enforcement investigated the allegations against Mother and
 Father.  Furthermore, the family court placed three of Mother's and Father's children
 in DSS custody, and they now are residing in foster care.  The family court
 allowed Mother to retain custody of two children under a safety plan that
 prohibited Father from residing in the home with Mother and the children. 
 Moreover, the family court ordered DSS to develop new Treatment Plans for
 Mother and Father that specifically addressed the issues that led to the
 removal of three of their children.  
LAW/ANALYSIS
A moot case exists
 where a judgment rendered by the court will have no practical legal effect upon
 an existing controversy because an intervening event renders any grant of
 effectual relief impossible for the reviewing court.  If there is no actual
 controversy, this Court will not decide moot or academic questions.  Seabrook
 v. Knox, 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006) (internal citations
 omitted).  A
 matter becomes moot when judgment, if rendered, will have no practical legal
 effect upon [the] existing controversy.  This is true when some event occurs
 making it impossible for [the] reviewing Court to grant effectual relief.  Collins Music Co. v. IGT, 365 S.C. 544, 549, 619 S.E.2d 1, 3 (Ct. App. 2005); see also Curtis v. State,
 345 S.C. 557, 549 S.E.2d 591 (2001), 535 U.S. 926 (2002) (stating a case
 becomes moot when a decision, if rendered, will have no practical legal effect
 upon the controversy); Waters v. S.C. Land Resources Conservation Commn,
 321 S.C. 219, 467 S.E.2d 913 (1996) (explaining a "justiciable"
 controversy is real and substantial controversy appropriate for judicial
 determination).   
Our
 opinion in this case would have no practical effect because the family court's
 order of July 31, 2008, has mooted the issue of whether the court erred in
 ordering, on August 6, 2007, that Mother and Father comply with treatment plans. 
 Accordingly, Mother's and Father's appeal is
DISMISSED.
HEARN, C.J., CURETON, A.J., and GOOLSBY, A., concur.