THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Frederick V.,
 Jennifer V. and Teresa "Teri" D., Defendants, 
 Of whom,
 Frederick V. and Jennifer V. are the, Appellants,
 In the interest
 of three minors under the age of 18.
 
 
 
 

Appeal From Darlington County
 Jamie Lee Murdock, Jr., Family Court
Judge

Unpublished Opinion No.  2011-UP-467  
 Submitted October 1, 2011  Filed October
21, 2011
#2010167966

AFFIRMED IN PART, DISMISSED IN PART, AND
 REVERSED IN PART

 
 
 
 Aimee Jendrzejewski Zmroczek, of
 Lexington, Martin S. Driggers, Jr., of Hartsville, and S. Porter Stewart, II,
 of Florence, for Appellants.
 Elizabeth Biggerstaff York, of Hartsville,
 for Respondent.
 Beatrice B. Curtis, of Darlington, and
 Robbie Forrester Gardner, III, of Hartsville, for Guardians Ad Litem.
 
 
 

PER CURIAM:  In this action from the family court,
 Frederick V. (Father) and Jennifer V. (Mother) appeal the family court's order
 of removal of their three minor children (collectively Children), arguing the
 family court erred in: (1) finding the children were abused and neglected; (2)
 approving Mother and Father's treatment plan; and (3) placing Mother and Father
 on the Department of Social Services (DSS) Central Registry of Child Abuse and
 Neglect (Registry).
1. As to whether the
 family court erred in finding the children were abused and neglected, after reviewing
 the record de novo, we hold there is convincing evidence to affirm the family
 court's findings.  See S.C. Code Ann. § 63-7-20(4)(a) (2010) (stating
 "child abuse or neglect" or "harm" occurs when the parent,
 guardian, or other person responsible for the child's welfare inflicts or
 allows to be inflicted upon the child physical or mental injury or engages in
 acts or omissions which present a substantial risk of physical or mental injury
 to the child, including injuries sustained as a result of excessive corporal
 punishment, but excluding corporal punishment or physical discipline which: 
 (1) is administered by a parent or person in loco parentis; (2) is perpetrated
 for the sole purpose of restraining or correcting the child; (3) is reasonable
 in manner and moderate in degree; (4) has not brought about permanent or
 lasting damage to the child; and (5) is not reckless or grossly negligent
 behavior by the parents); Simmons v.
 Simmons, 392 S.C. 412, 414-15, 709
 S.E.2d 666, 667 (2011) (holding that "[i]n appeals from the family court,
 this [c]ourt reviews factual and legal issues de novo"); Lewis v. Lewis,
 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (stating this court has the
 authority to find facts in accordance with its own view of the preponderance of
 the evidence).
2. As to whether the family court
 erred in approving Mother and Father's treatment plan, we find this issue is
 moot; thus, it is dismissed.  See Seabrook v. Knox, 369 S.C. 191,
 197, 631 S.E.2d 907, 910 (2006) (stating a moot case exists where a judgment
 rendered by the court will have "no practical legal effect upon an
 existing controversy because an intervening event renders any grant of
 effectual relief impossible for the reviewing court").
3. As to whether the
 family court erred in placing Mother and Father on the DSS Registry, we find
 there is no evidence in the record showing the family court's ruling complies
 with the relevant statutory law.  Accordingly, we reverse.  See S.C.
 Code Ann. § 63-7-1940 (2010)(stating
 if the only form of physical abuse found by the court is excessive corporal
 punishment, the court may order that person's name be entered in the DSS
 Registry if the court finds by a preponderance of evidence that the person
 abused or neglected the child in any manner, including the use of excessive
 corporal punishment, and the nature and circumstances of the abuse
 indicate that the person would present a significant risk of committing
 physical or sexual abuse or willful or reckless neglect if the person were in a
 position or setting outside of the person's home that involves care of or
 substantial contact with children); Simmons v. Simmons, 392 S.C. 412,
 414-15, 709 S.E.2d 666, 667 (2011) (holding that "[i]n appeals from the
 family court, this [c]ourt reviews factual and legal issues de novo").
AFFIRMED IN
 PART, DISMISSED IN PART, AND REVERSED IN PART.
HUFF, PIEPER, and LOCKEMY, JJ., concur.