**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Trilicia White and Willie Miller, Defendants,

Of Whom Trilicia White is the Appellant,

In the interest of a minor under the age of eighteen.

Appellate Case No. 2014-001782

Appeal From York County
Thomas Henry White, IV, Family Court Judge

Unpublished Opinion No. 2015-UP-281
Submitted April 6, 2015 – Filed June 5, 2015
Withdrawn, Substituted, and Refiled June 24, 2015

**AFFIRMED**

Melinda Inman Butler, of The Butler Law Firm, of Union, for Appellant.

David E. Simpson, of the South Carolina Department of Social Services, of Rock Hill, for Respondent.

Laura Kaiser Anderson, of Charlotte, North Carolina, for the Guardian ad Litem.

_____

**PER CURIAM:** Trilicia White appeals the family court's finding that she physically neglected her two-year-old child, arguing the family court erred in finding (1) she physically neglected the child, (2) she placed the child at a substantial risk of injury, and (3) the South Carolina Department of Social Services (DSS) made reasonable efforts to eliminate the need to remove the child. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding White physically neglected the child and placed the child at a substantial risk of injury: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [an appellate court] reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("[An] appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. However, this broad scope of review does not require [the appellate court] to disregard the findings of the family court." (internal quotation marks omitted)); S.C. Code Ann. § 63-7-20(4)(a) (2010) (providing child abuse or neglect occurs when a child's parent "engages in acts or omissions which present a substantial risk of physical or mental injury to the child").

2. As to whether DSS made reasonable efforts to eliminate the need to remove the child: *Seabrook v. Knox*, 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006) (holding an appellate court will not decide a moot question and explaining "[a] moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.