LOCKEMY, C.J.:
**359 We review a decision by the circuit court reversing on appeal a decision of the City of Columbia Board of Zoning Appeals (the City) denying Christ Central Ministries (CCM) a permit to replace a billboard on its property. We dismiss this case because it is moot.
FACTS
CCM owns property on the corner of Main Street and Elmwood Avenue in Columbia. Previously, CCM leased a portion of the property to Lamar Companies (Lamar) for the **360 purpose of erecting and maintaining a fixed display billboard. In 2014, Lamar sought a permit to replace the existing billboard with a changeable copy billboard. The City issued the permit on March 13, 2014, and that permit, by its terms, lasted six months. On June 16, 2014, Lamar requested an extension of its permit. The City granted the extension until December 31, 2014.
During 2014, CCM began negotiations to enter into a new lease agreement for the sign location. CCM, through its agent, requested a permit from the City to replace the existing billboard with a changeable copy billboard on September 23, 2014. The City denied CCM's request because "Currently, there is an active zoning/building permit ... issued to Lamar Advertising, to convert said sign to a changeable copy." The letter notified CCM "[s]hould that permit not be renewed or the proposed work completed, and/or should Lamar retain no property interest, it is my *31 understanding that you immediately intend to obtain a permit for the conversion to changeable copy per 17-404(e)(4)."
CCM decided to sign a lease with a different sign company, and Lamar removed its billboard in August 2014. CCM again sought a permit to place a changeable copy billboard on the property in January, 2015, after the expiration of Lamar's permit. The City denied CCM's request noting "[i]t is my understanding that the non-conforming sign at the above referenced location was removed by the sign owner on or about August 2, 2014. As such, this office would not be able to issue a permit, per § 17-404(e)(4), to replace a sign that is no longer existing." CCM appealed the City's decision to the Board of Zoning Appeals, which affirmed the City's denial. CCM appealed the Board's decision to the circuit court.
The circuit court reversed the Board's decision. The circuit court found, according to the plain language of the City's ordinance, "no language in the relevant provision of the ordinance imposes a time period in which one must act to seek a permit, and strict construction of the ordinance does not grant this court authority to impose such a limitation." The City filed a notice of appeal on December 7, 2015.
STANDARD OF REVIEW
"The appellate court gives 'great deference to the decisions of those charged with interpreting and applying local **361 zoning ordinances.' " Arkay, LLC v. City of Charleston , 418 S.C. 86, 91, 791 S.E.2d 305, 308 (Ct. App. 2016) (quoting Gurganious v. City of Beaufort , 317 S.C. 481, 487, 454 S.E.2d 912, 916 (Ct. App. 1995) ). "This court will not reverse a zoning board's decision unless the board's findings of fact have no evidentiary support or the board commits an error of law." Id . at 91-92, 791 S.E.2d at 308. "Issues involving the construction of an ordinance are reviewed as a matter of law under a broader standard of review than is applied in reviewing issues of fact." Id . at 92, 791 S.E.2d at 308 (quoting Mikell v. Cty. of Charleston , 386 S.C. 153, 158, 687 S.E.2d 326, 329 (2009) ). "The determination of legislative intent is a matter of law." Id . (quoting Charleston Cty. Parks & Recreation Comm'n v. Somers , 319 S.C. 65, 67, 459 S.E.2d 841, 843 (1995) ).
ANALYSIS
The City asserts the circuit court erred in its interpretation of the city ordinance. The City claims that, as a legal non-conforming sign, it could not be replaced once it was removed. It was on this basis, the City argues, CCM's permit request was denied, and the circuit court erred by reversing the zoning board's determination. We decline to address the issues the City raises because its actions have caused this case to become moot.
The City initially requested the circuit court stay its order requiring the City to issue CCM the zoning permit. The circuit court denied that request. The City did not request this court stay the order pending the outcome of the appeal. Instead, the City issued CCM a permit to construct the billboard in question. CCM has constructed the billboard at significant cost, and has collected rents from a third-party pursuant to a new lease. The City's decision to grant the permit pending appeal has made "any grant of effectual relief impossible for the reviewing court." Seabrook v. Knox , 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006).
In Seabrook , our supreme court found a similar zoning appeal mooted by a municipality's actions pending appeal. The City of Folly Beach denied a property owner's request to rezone a parcel of land for residential development.
**362 Id . at 194-95, 631 S.E.2d at 909. The property owner then sued the City of Folly Beach alleging, "deprivations of procedural and substantive due process, a violation of equal protection, gross negligence, and a temporary taking." Id . at 195-96, 631 S.E.2d at 910. The circuit court found the City of Folly Beach liable on the due process and equal protection claims, and the City of Folly Beach appealed. Id . at 196, 631 S.E.2d at 910.
After the circuit court's decision, the City of Folly Beach rezoned the property owner's land to residential. The Seabrook Court found, "because the Seabrook property was *32 rezoned ... Respondents have already received the appropriate procedural relief." Id . at 197, 631 S.E.2d at 911. Accordingly, the court found the zoning issue was moot. Id .
Similarly, we find any decision this court makes regarding the interpretation of the zoning ordinance would "have no practical legal effect upon an existing controversy." Id . at 197, 631 S.E.2d at 910. The City's decision to grant CCM's request for a permit has resolved this dispute. There is nothing more for this court to do.
CONCLUSION
Accordingly, the appeal is
DISMISSED.
WILLIAMS and KONDUROS, JJ., concur.