**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

G. Allen Rutter, Respondent,

v.

City of Columbia Design/Development Review Commission, Appellant.

Appellate Case No. 2018-001194

―――――――――

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2021-UP-242
Heard February 2, 2021 – Filed June 30, 2021

―――――――――

**REVERSED**

―――――――――

M. McMullen Taylor, of the Columbia City Attorney's Office, for Appellant.

Benjamin C. Bruner and Chelsea Jaqueline Clark, of Bruner Powell Wall & Mullins, LLC, of Columbia, for Respondent.

―――――――――

**PER CURIAM:** A City of Columbia architectural review board denied a homeowner's request to make changes to a house in an architectural conservation district. The homeowner sought review of that denial in circuit court. The circuit

court reversed the board's decision after finding the board violated the homeowner's right to procedural due process. The court also found the City's historic preservation guidelines were contradictory and vague.

We reverse. The homeowner never objected during the board's review procedure, and even if he had objected, the record shows the homeowner received procedural due process. The City's guidelines are also straightforward with respect to the activities at issue here: painting exterior brick, removing exterior windows, and removing exterior doors. Indeed, there is not even an argument the guidelines are vague or contradictory with respect to windows and doors.

## FACTS

Allen Rutter—the homeowner—bought a two story Tudor-style house in the Melrose Heights/Oak Lawn Architectural Conservation District in Columbia. His plan for the house included painting the first-floor brick, removing several doors and windows, and converting the house from a duplex into a single family residence.

In September 2016, about a month before purchasing the house, Rutter apparently called the City of Columbia's Planning and Preservation Department, asked about painting the house's unpainted brick, and was told he could not make changes to the exterior of the property unless the changes complied with the Historic Preservation and Architectural Review Ordinances and the Melrose Heights/Oak Lawn Architectural Conservation District Design Guidelines.

At the circuit court level, Rutter disputed this conversation occurred. Yet, his agent did not dispute the conversation when it was mentioned (three times) during the hearing before the City's Design/Development Review Board.

In early November 2016, not long after Rutter purchased the home, the City issued a "stop work" order after receiving reports that Rutter was painting the house. Later that month, Rutter filed an application with the board requesting permission to paint.

Over time, and after another stop work order, the City learned Rutter intended to remove several doors and windows. Rutter's request to make these changes went before the board in an administrative hearing held pursuant to section 6-29-890 of the South Carolina Code (Supp. 2020) (governing appeals to a board of architectural review).

The hearing on Rutter's application lasted approximately forty minutes. Five people "presented" on the application: a City staff member, Rutter's realtor (whom Rutter had designated as his agent), and three neighbors opposing Rutter's application.

The board denied Rutter's request to paint the brick and denied his request to remove the home's historical windows and doors. Other parts of Rutter's request were granted with conditions. The board also required Rutter to remove the unapproved paint within sixty days.

Rutter appealed. After a hearing, the circuit court issued a written order reversing the City's decision. As noted above, the circuit court found that Rutter was not afforded procedural due process and that the City guidelines were vague.

The circuit court identified several things as procedural defects including that Rutter was given less than ten minutes to present his case, that he had no right to counsel, and that he had no opportunity to cross-examine the City staff member who presented the matter to the board. The circuit court also found homeowners like Rutter did not have notice of the relevant City guidelines because the guidelines do not appear in a property's chain of title or in the City's ordinances.

Three months after the notice of appeal was served, and after the City filed its initial brief, Rutter filed a motion to dismiss this appeal. Rutter claims he completed all of the work at issue in the thirty-day period between the circuit court's order and the City's notice of appeal; making this dispute moot. We denied the motion but instructed that we would consider mootness once briefing was complete.

**ISSUES**

1. Whether the circuit court erred in finding a procedural due process violation.

2. Whether the circuit court erred in finding the City guidelines to be vague.

3. Whether this appeal is moot.

**LAW/ANALYSIS**

The finding of a procedural due process violation was error for two reasons. First, neither Rutter nor his agent lodged any objection to the procedure the board employed before or during the board's hearing. Agencies (and, by extension, executive boards) may not adjudicate facial constitutional challenges to statutes and regulations. *See Travelscape, LLC v. S.C. Dep't of Revenue*, 391 S.C. 89, 108–09, 705 S.E.2d 28, 38–39 (2011). Even so, we do not think this overcomes the requirement that a complaining party lodge some sort of objection before complaining of an error on appeal. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000).

Second, the record shows Rutter was given due process. "Due process does not require a trial-type hearing in every conceivable case of government impairment of a private interest. Rather, due process is flexible and calls for such procedural protections as the particular situation demands." *Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171–72, 656 S.E.2d 346, 350 (2008) (citation omitted). Due process does not require local architectural boards or other similar boards to adopt the procedures used in circuit court. We have watched the video of Rutter's board hearing. It is evident Rutter received "notice, an opportunity to be heard in a meaningful way, and judicial review." *Id*. at 171, 656 S.E.2d at 350.

At the end of its due process analysis, the circuit court found property owners did not have actual or constructive notice of the City's historic preservation guidelines. One ordinance creates the City's architectural conservation districts. *See* Columbia, South Carolina, Municipal Code § 17-681 (last updated Jan. 15, 2021). Other ordinances explain the "certificate of design approval" requirement and enact temporary guidelines that apply until City Council has approved other guidelines. *See* Columbia, South Carolina, Municipal Code § 17-655, 17-674 (last updated Jan. 15, 2021). This is the definition of constructive notice. *See Labruce v. City of N. Charleston*, 268 S.C. 465, 467, 234 S.E.2d 866, 867 (1977) (providing that "[c]itizens are charged with knowledge of existing law," and "[a]ccordingly, cognizance of city ordinances is presumed"). We are not aware of authority supporting the proposition that the Municipal Code's reference to external guidelines amounts to a failure of procedural due process. It is also worth mentioning, as noted above, the record suggests Rutter had actual notice of the guidelines before he purchased the property.

**VAGUENESS**

Vagueness requires the complaining party to show a law or ordinance is vague as it applies to his own conduct; it is not sufficient to show the law may be vague in some other application. *Town of Mount Pleasant v. Chimento*, 401 S.C. 522, 535, 737 S.E.2d 830, 839 (2012). In other words, to succeed on vagueness, Rutter was required to show the City's guidelines do not give a person of common intelligence fair notice that his proposed changes were prohibited.

As to brick, the guidelines have an "Exterior siding" chapter with a designated section on "masonry" that states "[w]here brick and other masonry finishes were unpainted they should generally remain so." The guidelines further provide that "[u]nder some circumstances, particularly where the brick quality is poor or abrasive cleaning methods have been used, painting brick may be appropriate as a protective measure." Rutter made no effort whatsoever to introduce evidence (or even argue)

his brick was in poor condition. Instead, he repeatedly argued Tudor-style homes are often painted, that a duplex lacks any historical significance, and that he was seeking "leeway" from a decision applying the guidelines as written. The fact that Rutter sought leeway from the guidelines belies his argument that the guidelines are vague.

The circuit court noted that one section of the guidelines suggests the guidelines do not regulate painting and color. This is true—an early guidelines section explains work not visible from the public right of way, interior work, maintenance and repairs that do not alter exterior appearance, and painting do not require board review. But the very same section explains board review *is* required for actions that alter a building's exterior appearance. Although we have no difficulty believing someone could consider this section in isolation and be unclear about whether applying paint to previously unpainted brick requires review, the reasonableness of that interpretation evaporates as soon as one reads the section on masonry. The guidelines plainly instruct that unpainted brick should remain unpainted unless paint is needed to prevent further damage. They also explain, in straightforward fashion, that significant features like windows and doors should be preserved and repaired whenever possible.

## MOOTNESS

It is tempting to say that this appeal is moot because it will be difficult for Rutter to undo what he has done unless he and the City are able to agree upon some alternative resolution. However, we cannot say there is no longer a live dispute between the parties.

First, there is the ongoing question of whether the guidelines are valid and whether they required Rutter be granted a certificate of approval for the changes made to the house. Rutter was never issued a certificate of approval and potentially faces an enforcement action for violating the ordinance requiring approval for these modifications. That is why this case is materially different from *Christ Central Ministries v. City of Columbia Board of Zoning Appeals*, which Rutter cites for his mootness argument. There, a board of zoning appeals initially denied a church's request to put up a billboard, but the government issued the permit later; mooting the argument that the permit should have been granted. 424 S.C. 358, 360–61, 818 S.E.2d 30, 30–31 (Ct. App. 2018). Here, it is simply impossible to fairly read the circuit court's order "reversing" the board's decision as invalidating the ordinance requiring Rutter obtain a certificate of approval from the City prior to performing work on the property. *See* § 17-655(a)(1).

Second, if the issue is moot now, it has been moot from the beginning. Recall that at the time Rutter first went before the board, he had already painted part of his home, removed exterior windows, and started bricking over the openings where the windows once stood. Indeed, adversarial proceedings began with a "stop work" order, necessarily meaning some work had already been done. The fact that Rutter has since added more paint and installed more brick is a difference in the degree of this situation, but it is not a difference in kind.

Third, and finally, we note Rutter's claim to completing the work during the thirty-day period between the circuit court's order and the City's notice of appeal has not been subjected to adversarial testing. As mentioned at the outset, Rutter did not move to dismiss until months after the City served notice of this appeal; after the City filed its initial brief. It may be that Rutter completed all of the work before the City appealed the circuit court's order and that the City's failure to request a stay before the Rule 241, SCACR automatic stay applied should count as an equitable defense to an enforcement action. We note simply that it would not be appropriate for us to accept Rutter's claim at face value and that this appeal is not the appropriate forum for considering defenses to an enforcement action in the first instance.

**CONCLUSION**

For the foregoing reasons the circuit court's order is

**REVERSED.**

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**