**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Christopher O'Neal Pringle, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-212936

---

Appeal From Florence County
Michael G. Nettles, Trial Judge
William H. Seals, Jr., Post-Conviction Relief Judge

---

Unpublished Opinion No. 2016-UP-415
Submitted September 1, 2016 – Filed October 5, 2016

---

### REVERSED IN PART, AFFIRMED IN PART

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, for Respondent.

---

**PER CURIAM:** A jury convicted Christopher O'Neal Pringle of first-degree burglary, first-degree criminal sexual conduct, kidnapping, and strong arm robbery,

and the trial court sentenced him to a cumulative sentence of fifty years' imprisonment. Pringle did not file a direct appeal. Pringle filed an application for post-conviction relief (PCR) alleging he did not voluntarily waive his right to appeal his convictions, which the PCR court denied. Pringle filed a petition for certiorari from the PCR court's order, and this court granted certiorari on Petitioner's belated-appeal issue. *See White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974). On certiorari, Pringle argues (1) the PCR court erred in not granting him a belated direct appeal pursuant to *White*, (2) the trial court erred in denying his motion to suppress statements he made to law enforcement, and (3) the trial court erred in admitting a photographic lineup into evidence. We reverse the PCR court and affirm the trial court.

We find Pringle did not knowingly and voluntarily waive his right to a direct appeal. *See Simuel v. State*, 390 S.C. 267, 270, 701 S.E.2d 738, 739 (2010) ("Following a trial, counsel must make certain the defendant is made fully aware of the right to appeal. 'In the absence of an intelligent waiver by the defendant, counsel must either initiate an appeal or comply with the procedure in *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967).'" (citations omitted) (quoting *Turner v. State*, 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008))). Pringle testified trial counsel never informed him of his right to appeal. Trial counsel stated her standard practice was to advise clients of their right to appeal, but she did not recall doing that or have any notes indicating she did. We acknowledge the PCR court determined trial counsel was credible and Pringle was not credible; however, even with the credibility findings, there is no probative evidence showing Pringle waived his right to a direct appeal. *See id.* ("Even considering the PCR [court's] credibility findings, there is no probative evidence that: (1) Petitioner knowingly waived his right to a direct appeal, and (2) [trial counsel] made certain Petitioner was fully aware of his right to appeal."). Thus, we reverse the PCR court's finding that Pringle waived his right to a direct appeal and proceed with a review of Pringle's appeal pursuant to *White*.

We find Pringle's argument that the trial court erred in denying his motion to suppress statements is not preserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

We find the trial court did not abuse its discretion in admitting the photographic lineup into evidence because the lineup and procedure were not unduly suggestive. *See State v. Moore*, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000) ("Generally, the decision to admit an eyewitness identification is at the trial [court's] discretion and will not be disturbed on appeal absent an abuse of such, or the commission of prejudicial legal error."); *id.* at 287, 540 S.E.2d at 447 ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification." (citing *Neil v. Biggers*, 409 U.S. 188 (1972))); *id.* (stating *Neil v. Biggers* requires a court to determine (1) whether the identification process was unduly suggestive and (2) whether the out-of-court statement was nevertheless reliable); *id.* at 287, 540 S.E.2d at 447-48 ("Only if [the procedure] was suggestive need the court consider the second question—whether there was a substantial likelihood of irreparable misidentification." (quoting *Jefferson v. State*, 425 S.E.2d 915, 918 (Ga. Ct. App. 1992))).

**REVERSED IN PART, AFFIRMED IN PART.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.